By the Court,
Lane, C. J.
In adjudicating upon transactions occurring in the early settlement of our state,.we must never forget the absence of precedents and system, the different usages introduced 'by people emigrating from every part of the country, the want of knowledge or neglect of technical learning, and the risk of loss of evidence from the lapse of time. Hence errors of form have always been overlooked, where the acts of a court are manifest, and its jurisdiction established. 3 Ohio, 273 ; 6 Ohio, 255.
The petition in partition is very loosely drafted. The land is well *118 ^described, but the name Pillsbury is spelled Pillsby, and no-notice is taken of her husband, although then alive. The non-joinder of the husband, who then held a freehold in the wife’s land for their joint lives, and a contingent tenancy by curtesy, left his rights unim- > paired. By his decease, this estate is ended, and the wife is bound by a decree against her, until reversed, because a judgment or decree against a femme covert is voidable only on error.
It is not every mistake in names which will invalidate an instrument, or proceeding. This effect will follow where the person can not be-identified, .or where the error is such as to describe another. But words are intended to be spoken; and where the sound is substantially preserved, bad spelling will not vitiate. I remember a case where a lessor in ejectment recovered in the name of Puthuff under a deed to-his ancestor in the name of Biddulph, by proving that Biddulph, Bottolph, Potherf, and Puthuff, were different modes of spelling thenaipe of the same person. In the case before us Pillsby and Pillsbury differ little in sound, in familiar conversation, especially when pronounced with the rapidity of utterance usual among the people with whom she then lived. In the statute proceedings for partition, which only define existing rights, without creating new ones, and are not regarded adversary, but' analogous to proceedings in rem, 6 Ohio, 269, the co-tenant against whom partition is demanded, is not strictly a party. Where he lives beyond the jurisdiction of the court, the publication of notice of the pendancy and objects of the petition, is all which is required. We find, in the case before us, sufficient evidence-of notice that a petition was pending, to divide lot 92 and out-lot 20, in Cincinnati, belonging to the late John Cutter of Cincinnati, of-which Abigail Pillsby of Massachusetts was entitled to one-eighth. Enough is shown to apprise her of her rights and to bind her by the-decree of partition.
The objection to the operation of the decree upon Mrs. Sargeant’seighth is, that no authority appears on the record for Samuel Foster to institute these proceedings as her attorney in fact. The authority of an attorney at law'is presumed. 3 Ohio, 521. The power of an attorney in fact, should be shown by proof, but where a court of general jurisdiction is required to exercise its powers upon a state of facts to be proved before it, the requisite proof is presumed to have been made, and the existence of the fact can not be afterwards collaterally questioned. 2 Pet. 163, 449 ; 3 Ohio, 257, 560 ; 6 Ohio, 255; 7 Ohio, 259 ; 8 Ohio, 87. The defendants may take judgment.