STATE *v.* WILLIAMS.

Opinion delivered June 9, 1900.

1. CRIMINAL LAW—VARIANCE BETWEEN INDICTMENT AND PROOF.—Under an indictment for unlawful cohabitation with a woman named "May Hite," proof that defendant cohabited with a woman named "May Hyde" is a fatal variance. (Page 242.)

2. NAME—IDEM SONANS.—The names "Hite" and "Hyde" are not *idem sonans.* (Page 243.)

Appeal from Independence Circuit Court.

JAS. W. BUTLER, Special Judge.

*Jeff Davis, Attorney General, Chas. Jacobson* and *S. D. Campbell, Prosecuting Attorney Third Circuit,* for appellant.

The defect in the instrument was immaterial, since the offense was a joint one. Rap. Cr. Proc. § 83; Clark, Cr. Proc. 341. "*Hyde*" and "*Hite*" are *idems sonans.* Rap. Cr. Proc. § 83; Clark, Cr. Proc. 341; Whart. Cr. Pl. & Pr. § 119. *De minimis lex non curat.* 53 Am. Dec. 137. Whether the names were *idem sonans* was for the jury. Authorities *supra.*

BUNN, C. J. The material part of the indictment charges that "the said Josephus Williams, being a man, and May Hite, being a woman, in the county and state aforesaid, on the 1st day of November, 1898, did unlawfully cohabit together as husband and wife, without being married." Upon a plea of "not guilty," a jury was impaneled to try the issues, and the state offered the following testimony: Monroe Claxton testified that he was acquainted with defendant Williams; that he

did not know a woman by the name of May Hite, but he knew May Hyde; that defendant and the woman Hyde lived together in the same house in the bottom during part of the year 1868. On being questioned by the court, witness said the woman's name was spelled "Hyde." The court then ruled, over the objections of the state, that the two names Hyde and Hite are not *idem sonans*, and refused further testimony on the part of the state, unless it could show that May Hite was in fact the same as May Hyde, the state having offered to prove by two other witnesses the acts of cohabitation, and by one other (the clerk of the county and probate court) that, so far as his records showed, the defendant had never been married to May Hyde or May Hite, all of which testimony the court refused to admit, because witnesses did not identify the woman as May Hite as named in the indictment, but referred to May Hyde only. The defendant objected to all testimony referring to May Hyde, and not to May Hite, for the same reason, and his objections were sustained by the court.

The foregoing being all the testimony in the case, the court gave the following charge to the jury: "Gentlemen of the jury: It is conceded by the state that, under the rulings of the court, the state has failed to make out a case, and your verdict will be 'Not guilty.' The thing falls simply from the ruling of the court that the name of the woman is wrong. The proof shows that the name of the woman is May Hyde, while the indictment charged May Hite, and for that reason defendant is not convicted." All proper exceptions were saved. The jury returned a verdict of not guilty, in obedience to the direction of the court, Motion for new trial was filed and overruled, and state took her bill of exceptions and appealed.

The court directed the verdict because of a variance between the proof and allegation in the indictment as to the name of the woman jointly indicted with the defendant, who, however, was not arrested. It is well to state, also, that the doctrine of *idem sonans* may not necessarily have the same effect in the case against the woman as in this case, as the name of the woman in this case against Williams is merely descriptive of the offense, while in a case against her it would but denominate

the party defendant. The state sought to have the court de-clare that the two names are *idem sonans,* and therefore the same in law. This declaration the court declined to make, but, on the contrary, declared that the two names are not *idem so-nans.* The rule in questions like this is thus stated in the American Encyclopedia of Law, vol. 4, pp. 769 and 770: "Where two names, though spelled differently, necessarily sound alike, the court may, as matter of law, pronounce them to be *idem sonans;* but, if they do not necessarily sound alike, the question is for the jury. A literal variance in the spelling of the word is not alone fatal, when the omission or addition does not make it a different word; and this diversity in the spelling of a name is not material where it is *idem sonans."* This is the rule laid down also in *Commonwealth* v. *Warren,* 143 Mass. 568.

The letter "d" and the letter "t" are both dentals, but have not necessarily the same sound, by any means. The "d" has a broader and (we may say) a more lengthened sound, ordinarily, than "t," which has a sharp, shorter sound, and yet the differ-ence grows less, according to their places in a word or name. Thus Wadkins and Watkins have been held to be *idem sonans,* because in casual pronunciation there is scarcely any difference in the sounds. But this similarity of sound does appear in the words "ride" and "rite," because there is a prominence given to the two letters which brings out their nominal difference in sound. So it is in the names involved in this case. There is not the same sound necessarily in Hyde and Hite, as there is in "Hyde" and "Hide", where the play is upon 'y' and 'i,' two letters which have identically the same sound where used in such a connection.

There are many cases where it is held that, notwithstand-ing the doctrine of *idem sonans* does not strictly apply, yet the doctrine of interchangeability of names applies, as was applied in *Commonwealth* v. *Warren,* 143 Mass. *supra,* where the contro-versy arose as to the two names of "Celestia" and "Celeste,"— the name of one of the witnesses in the case,—as the first wife of defendant, in a trial for polygamy. That rule is not sought to be applied in this case, however, and is only applied in

cases to be submitted to the jury to determine the fact of whether or not the person is known by one name as well as the other.

Our conclusion is that Hyde and Hite are not *idem sonans,* and that the trial court did not err in that regard. The judgment is therefore affirmed.

BATTLE, J., absent.