State v. Alva, 18 N. M. 143.

---

[No. 1571, July 30, 1913.]

STATE OF NEW MEXICO, Appellee, v. RICARDO ALVA, Appellant.

SYLLABUS (BY THE COURT)

1. It is a general rule that an indictment for a statutory offense is sufficient when it charges the offense as the statute defines it.

P. 146

2. Corroborative evidence, whether consisting of acts or admissions, must at least be of such a character and quality as tends to prove the guilt of the accused by connecting him with the crime.

P. 147

3. As a general rule, where an act is prohibited and made punishable by statute, the statute is to be construed in the light of the common law, and the existence of a criminal intent is essential.

P. 151

4. The legislature may forbid the doing of an act and make its commission criminal without regard to the intent of the doer, and if such legislative intent appears, the courts must give it effect although the intention of the doer may have been innocent.

P. 151

5. In a criminal prosecution the State is not required to prove a motive for the crime, if without this the evidence is sufficient to show that the act was done by the accused.

P. 151

6. It matters not how two words are spelled, what their orthography is; they are idem sonans within the meaning of the books, if the attentive ear finds difficulty in distinguishing them when pronounced, or common and long continued usage has by corruption or abbreviation made them identical in pronunciation.

P. 150

7. Pronunciation and not spelling is the test in the application of the rule.

P. 150

8. If two names spelled differently necessarily sound alike, the court may, as a matter of law, pronounce them to be idem sonans, but if they do not necessarily sound alike, the question whether they are idem sonans is a question for the jury.

P. 150

9. Exceptions to instructions must be specific.

P. 152

Appeal from the District Court of Colfax County; Thomas D. Leib, District Judge; affirmed.

J. LEAHY, Raton, N. M., for appellant.

Indictment defective in not containing the word "ravish." Bishop Crim. Pro. (4th ed.) sec. 335 and citations; Territory v. Cortez, 15 N. M. 92.

Proof necessary to establish guilt of defendant. People v. Howard, 76 Pac. 1116, (Cal.); State v. Dalton, 17 S. W. 700; State v. Donnington, 151 S. W. 975; State v. Grubb, 41 Pac. 951; People v. Seaman, 137 N. Y. Sup. 294; People v. Kline, N. Y. Sup. 296.

Alleged confession insufficient to support verdict. 12 Cyc. 483.

H. S. CLANCY, Assistant Attorney General, Santa Fe, N. M., for appellees.

On appeal court will not consider the correctness of the instructions given by the court of its own motion. Exceptions must be specific. Beall v. Territory, 1 N. M. 507.

Omission of the word "ravish" in the indictment does not render it defective. C. L. 1897, sec. 1090; People v. Flaherty, 29 N. Y. Sup. 642; 33 Cyc. 1444; People v. McDonald, 9 Mich. 150; State v. Smith, 61 N. C. 302; State v. Hayes, 95 N. W. 296; State v. Phelps, 60 Pac. 134.

Proof of sexual intercourse. People v. Howard, 76 Pac. 1116.

Idem Sonans. Pillsby v. Pillsbury, 9 Ohio, 171; Preyer and Prior, 61 Ala. 16; Puthuff and Biddulph, 9 Ohio, 120; Samuel and Lemuel, 5 Ohio, 358; Sedbetter and Ledbetter, 7 Ind. 659; Commonwealth v. Gill, 14 Gray 400; 20 A. & E. Enc. L. 313.

### OPINION OF THE COURT.

HANNA, J.—The appellant was tried and convicted in the District Court of Colfax County for carnally knowing and abusing, and having sexual intercourse with one Refugia Senega Torres, she being a female under the age of fourteen years, and brings the case into this Court by appeal.

The first objection urged in this Court is directed

against the sufficiency of the indictment because the word "*ravish*" was not contained in the indictment.

It is contended by the counsel for appellant that our statute attempts to designate or set out what constitutes rape, but yet does not do so, and, therefore, the crime must be charged pursuant to the common law, and the absence of the word "ravish" renders the indictment fatally defective.

On the other hand, it is argued by the Attorney General that rape is not charged, but the statutory offense of sexual intercourse with a female under the age of fourteen years as defined in sec. 1090, C. L. 1897, the material words of the said statute being:

"That a person perpetrating rape upon or an act of sexual intercourse with a female, when the female is under the age of fourteen years, * * * * is punishable, etc."
and that the indictment herein follows the exact language of the statute in charging that the appellant "then and there did unlawfully and feloniously carnally know and abuse, and have sexual intercourse with" the girl Refugia, she "being then and there a female under the age of fourteen years." The contention of the Attorney General being that the words in the indictment "carnally know and abuse" are mere surplusage and that the crime charged and proven is that of sexual intercourse with a female under the age of fourteen years.

We agree with this contention of the Attorney General.

It is a general rule that an indictment for a statutory offense is sufficient when it charges the offense as the statute defines it. People v. Flaherty, 29 N. Y. Supp. 612; Bishop on Stat. Crimes, sec. 186; 33 Cyc. 1444.

Appellant in his brief lays greatest stress upon an alleged failure of proof as to sexual intercourse and sexual penetration.

While it is true that if certain questions, addressed to the child, with their answers are alone considered, there might be some doubt as to the sufficiency of proof in the respects pointed out, but when we examine the entire record for evidence pertaining to these questions there

can be no doubt as to the sufficiency of proof, both as to sexual intercourse and sexual penetration. While it is true she testified that she did not know what the word intercourse meant, yet the facts testified to by her could have left no doubt, in the minds of the jurors, that an act of sexual intercourse had taken place between herself and the accused.

The Supreme Court of California in the case of People v. Howard, 76 Pac. 1116, in construing a statute somewhat similar to ours, said:

"That sexual penetration is necessary to constitute the crime of rape. It is therefore clear that, to sustain the charge, the prosecution must have proved sexual intercourse, which includes and means sexual penetration. * * * * * In some cases the facts and circumstances are such that penetration may be inferred therefrom."

We are of the opinion that the evidence in this case leaves nothing to be inferred, but admitting that no direct proof appears, the fact could readily, and properly, be inferred from the evidence introduced. We do not deem it necessary to set out this evidence in detail, but aside from the testimony of the child, the evidence of the witness Dudley as to the admission of the accused, at the time of his arrest, is convincing and leaves no doubt in our minds as to the commission of the offense charged. We are fully convinced that the evidence is sufficient to prove all the essential elements of the crime charged.

It is further contended that the testimony of the child was not corroborated. We cannot agree with this. The witness Dudley certainly corroborated the testimony of the child in all essential facts and fully conforms to the rule that corroborative evidence, whether consisting of acts or admissions, must at least be of such a character and quality as tends to prove the guilt of the accused by connecting him with the crime.

Underhill on Criminal Evidence, section 74.

The appellant claims to have been prejudiced by several rulings by the court upon the admission or rejection of evidence. An examination of the record as to these mat-

ters discloses no ground· supporting such claims and it will be useless to discuss these matters in detail. With respect to the admission of the evidence of Dudley concerning the confession of the accused and the objection that it does not appear to have been voluntary, we have only to say that no objection was raised by appellant upon this ground at the trial and we cannot now entertain the objection.

Counsel for appellant contends that defendant was prejudiced by the ruling of the court in not permitting the witness, Virginia Zúnega, to answer the following question:

"Q. Was the complaining witness ever called or known by any other name except Refugia Zúnega?"

The witness had previously testified that the complaining witness was never called by any name except Refugia Zúnega, but had not testified that she was not known by any other name. If she was not called by any other name she could hardly have been known by any other name and no error was committed ·in excluding the answer to the question referred to.

It is further urged by appellant that he was prejudiced · by the ruling of the court prohibiting the complaining witness from writing or spelling her name for the purpose of showing a variance.

We cannot find that the defendant was prejudiced in this respect, inasmuch as the record disclosed that the defense questioned most of the witnesses upon this subject and the responses certainly .covered the subject fully. The prosecutrix testified that her name was Refugia Zúnega; her half brother, Sostenes Zúnega, testified that her name was Refugia Zúnega; the mother of prosecutrix, Virginia Zúnega, testified that prosecutrix was baptized under the name of Narcissa Torres, but called Refugia Zúnega Torres; this witness wrote out the name Refugia Zúnega, and testified that the father of Refugia Zúnega was Porfirio Torres, to whom she was never married. As is pointed out later· in this opinion, the spelling of the words does not control the application of the rule of *idem sonans*, but

the question turns entirely upon the pronunciation of the words. The matter of the name being fully brought out, there could be nothing prejudicial in excluding the evidence here complained of. There is a point referred to by appellant in this connection, however, which raises a serious question, i. e., the alleged failure and refusal of the trial court to instruct on *idem sonans*. Appellant requested such an instruction, which the trial court doubtless refused to give upon the ground that he had fully covered the ground by his instruction No. 6, which is given in the following language, viz:

"The defendant has raised the question that there is a variation between the allegations of the indictment and the proof as to the name of the prosecuting witness. The court instructs the jury that such variance is not material unless it is of such character as to mislead the defendant or to hamper him in making his defense, or to expose him to the danger of being put twice in jeopardy for the same offense. Either the true name, or the name by which the prosecuting witness was commonly known will be sufficient if alleged in the indictment and supported by the proof. Whether the name in the indictment is sufficiently supported by the proof is for you to determine from the evidence introduced in this case in the same manner as you should determine any other material allegation of the indictment."

Instruction requested by appellant was as follows:

"The court instructs the jury that the name of the complaining witness, which is charged in the indictment to be Refugia Senega Torres, is a necessary ingredient of the crime, and a necessary allegation in the indictment, and before you can find the defendant guilty of rape as charged in the indictment, you must first find from the evidence, and beyond a reasonable doubt, that the name, as charged in the indictment, is the true name of the complaining witness, or that she was known and called by such name, and answered to such name."

In a leading case, Robson v. Thomas, 55 Mo. 581, the rule is stated,

"That it matters not how two words are spelled, what their orthography is, they are *idem sonans* within the meaning of the books, if the attentive ear finds difficulty in distinguishing them when pronounced, or common and long continued usage has by corruption or abbreviation made them identical in pronunciation."

We also agree that pronunciation and not spelling is the test in the application of the rule. Faust v. United States, 163 U. S. 452. It has been well stated as a reason for the rule, that,

"Words are intended to be spoken; and where the sound is substantially preserved, bad spelling will not vitiate." Pillsbury v. Dugan, 9 Ohio 118; 34 Am. Dic. 427.

The province of the court and jury in regard to the determining whether or not a name is *idem sonans* with another name is determined by the following rule:—

If two names spelled differently necessarily sound alike, the court may as a' matter of law, pronounce them to be *idem sonans,* but if they do not necessarily sound alike, the question whether they are *idem sonans* is a question for the jury.

State v. Williams, 68 Ark. 241, 57 S. W. 792; Spoonemore v. State, 25 Texas Appeals 358.

In this case the trial court evidently considered that the question was one for the jury. If the trial court could not dispose of the question it certainly would be presumption for us to attempt to do so. We did not hear the witnesses pronounce these names, and the spelling is not such as would necessarily point to a difference in pronunciation. We think the court did right in submitting the question to the jury.

Appellant also predicates error upon the refusal of the court to give his requested instructions numbered, 2, 3, 4, 5.

We agree with the Attorney General that No. 2 had been substantially given as the court's instruction No. 6, so far as it could properly be given.

Instruction No. 3, requested by defendant, was to the effect that before the jury could find the defendant guilty

upon any confession by him they must first find such confession corroborated by the other evidence, to the extent of establishing beyond a reasonable doubt that sexual penetration had taken place.

We have already seen that sexual penetration may be inferred from all the facts and circumstances and for this reason, if no other existed, the instruction was properly refused.

Instruction No. 4, asked and refused by the court, was in substance a charge that "criminal motive or intent is a necessary ingredient" of the crime charged in the indictment. The offense charged is that of sexual intercourse with a female child under the age of fourteen years.

This instruction was evidently based upon the general rule that where an act is prohibited and made punishable by statute, the statute is to be construed in the light of the common law and the existence of a criminal intent is essential. 12 Cyc. 148.

In connection with the general rule, however, it must be borne in mind that the legislature may forbid the doing of an act and make its commission criminal without regard to the intent of the doer, and if such an intention appears the courts must give it effect although the intention may have been innocent.

12 Cyc. 148; Wharton's Criminal Law, section 143; 1 Wigmore on Evidence, section 360.

The principal objection to this instruction, as it appears to us, is the concluding portion, which reads as follows:—

"You must first find, from all the evidence and circumstances of the case, that defendant had a criminal motive or intent in being in the company of the complaining witness, or sought her company with such criminal intent or motive."

Aside from the fact that section 1090, C. L. 1897, is clearly such an act as would pre-suppose that the legislature had not made the element of intent an indispensable element of the crime thereby prescribed, it is fundamental that in a criminal prosecution the State is

not required to prove a motive for the crime, if without this the evidence is sufficient to show that the act was done by the accused. 12 Cyc. 149.

There was clearly no error in refusing this instruction.

The next error assigned is the refusal to give instruction No. 5, requested by appellant, which was as follows, viz:

"The court instructs the jury that you should take into consideration all of the testimony and circumstances adduced upon the trial, together with the conduct and statements of the complaining witness, as the same has been shown to you by the evidence."

The court carefully instructed the jury in the matters covered by this instruction under his instructions numbered 9, 12 and 13. There was no necessity to further instruct as requested by appellant and no error in refusing so to do.

The only assignment remaining for our consideration is with respect to the general objection of appellant to "each and every instruction given by the court." Such objection is too general and fails to point out the specific ground for any objection. In our recent opinion, in State v. Eaker, 131 Pac. 489, this Court said:

"If an instruction be objectionable to the defendant, the court's attention should be called to it at the time it is given, so that the court could, in case it was pointed out wherein it was erroneous, have corrected the same."

In other words, the exception to the instruction must be specific.

Finding no error in the record or assignments of error, the judgment of the District Court is affirmed.