**RITTER v SCHAAF Admrx, Etc, et.**

Ohio Appeals, 6th Dist, Sandusky Co

No 237.   Decided Nov 2, 1931

Stahl, Stahl & Stahl, Fremont, Ritter & Brumback, Toledo, and George Taylor, Toledo, for plaintiff in error.

A. V. Bauman, Harry Garn, Fremont, and Metzger & Bracy for defendant in error.

WILLIAMS, J.

Plaintiff in error's contention is that the bills for services referred to in the first and third causes of action were rendered and were not disputed within a reasonable time thereafter and that an implied contract arose between the parties for the payment of the amount named in the bills rendered and that the defendant, Paul E. Schaaf, president of The Henkel-Clauss Company, agreed with plaintiff to confess judgment for the full amount claimed and interest.

The law seems to be well established that where an account is rendered by one person to another and is not objected to by the latter within a reasonable length of time thereafter, it becomes an account stated.

1 Ohio Jurisprudence, p. 196, §19.

Griffin vs. Hicks, 233 S W, 1086.

18 A. L. R., 882.

Counsel concede the law is as above stated, but counsel for defendant in error contend that the court could not say as a matter of law that objection to the account was not made within a reasonable time.

The claims for services were based, to quite a large extent, upon litigation which grew out of the execution and delivery of five promissory notes for $10,000.00 each by Harry Zimmerman and Paul E. Schaaf to C. F. Michael. One of the cases arising out of litigation over the collection of these notes reached this court and is reported in **Zimmerman vs Second National Bank, 24 Oh Ap 48.**

After the collection of the note involved in that suit had been bitterly resisted and the Supreme Court had overruled a motion to certify the record, the suit brought by Michael for $40,000.00 on the remaining notes, in which Schaaf and Zimmerman filed a cross-petition for $150,000.00, was settled upon the agreement that the judgment rendered in the suit brought by The Second National Bank should be paid in full and that the petitions and cross-petitions in the other case should be dismissed. It is thus apparent that the plaintiff rendered valuble legal serivces.

The bill upon which the first cause of action was based was sent by the plaintiff to Schaaf March 8, 1926, and was finally rejected in a letter sent by Schaaf to the plaintiff June 29, 1926. During the period between these two dates there were five meetings of the Board of Directors of The Henkel-Clauss Company, as follows: April 10, April 21, May 19, June 12 and June 23. Ordinarily the Board met monthly, but for some reason two special meetings were held. April 19th Schaaf wrote the plaintiff as follows:

"Our Special Directors' meeting held in Cleveland on April 10th, when I expected to take up the matter of your bill, was rather a stormy session and lasted from 2:30 to 3:30 in the evening, and I did not have an opportnuity or the time to present your proposition, but hope to do so at our next month's meeting which takes place on Wednesday, May 19th.

I regret very much that matters turned out the way they did, but wish to assure you that the same were unavoidable.

I expect to be in Toledo some time during the latter part of this week, or the first of next, when I will call on you and try to explain all of the circumstances connected with this matter."

April 20th Ritter wrote Schaaf insisting on payment of the bill and on April 24th Schaaf again replied that the matter would be taken up at the meeting of May 10th. The corporation was apparently passing through financial troubles and at least one meeting of the Board was long and stormy, and it is fairly apparent there were some difficulties in the way of getting the Board to take action upon plaintiff's bill. It was known to the plaintiff that Schaaf was unwilling to approve it himself and demanded action of the Board of Directors. When we consider the limited number of meetings of the Board, the stormy sessions and difficulties encountered in getting action, this court can not say as a matter of law that this bill was not disputed within a reasonable time after its presentation.

The bill upon which the third cause of action was founded was sent by Ritter May 25th, 1927. On May 31st, 1927, Schaaf advised the plaintiff that the matter would be taken up with the Board of Directors. We think another principle applies as to this bill. Before the bill was presented communications took place between those connected with the Company and the plaintiff, which showed clearly that the Company objected to paying the bill of plaintiff. May 5th, 1927 the Company, through its Secretary, Clarence W. Auxter, wrote the plaintiff a letter stating that by a resolution passed on April 26th he had been instructed by the Directors of the Company to inform the plaintiff that it was the "consensus of opinion of the Board of Directors of this Company that if this Company retired Mr. Paul E. Schaaf's note of $2500.00" executed in favor of the plaintiff, the plaintiff should mail a receipt in full covering all charges for legal services, monies advanced, etc., to date. On May 20th, 1927, Mr. Schaaf wrote the plaintiff as follows:

"The only matter now remaining open is a settlement with you, and I wish to assure you that every member of the Board is bitterly opposed to paying you any more money, with the exception of a reasonably small amount in order to have the entire matter cleaned up."

As this bill amounted to $3,025.00, and interest, it is evident that the bill was in dispute to the knowledge of the plaintiff before it was submitted.

An account stated does not arise from failure to reject the account sent within a reasonable time thereafter, where the parties had disagreed as to what the amount of the bill should be before it is sent, for the reason that from such facts assent from silence can not reasonably be inferred.

1 Ohio Jurisprudence, p. 196, §19. We think this principle is applicable and no further comment in this connection is necessary.

Further contention is made that Schaaf, formerly president of the Company, agreed to confess judgment, and from this action an account stated arose. Schaaf was dead at the time of the trial, but his deposition had been taken and was offered in evidence. It does not appear from his testimony that he was ever asked anything about willingness to confess judgment, but he did state that he regarded the charges of plaintiff to be exorbitant and that he objected to the payment of the bill. There was testimony offered by the plaintiff to the effect that Schaaf agreed to confess judgment, but he put it off and said that he wanted to submit the matter to an attorney. The papers, although prepared, were never signed. We think it was a question for the jury to determine from the fact that he did not sign the papers which were required in confessing judgment and that he said he was objecting to the charges of plaintiff and regarded them as exorbitant, on the one hand, against the testimony offered by plaintiff that he agreed to confess judgment, on the other hand, and determine from all the evidence whether, by reason of agreeing to confess judgment, there was an account stated. We are therefore of the opinion that the court could not say as a matter of law that by reason of the action of Schaaf in this respect an account stated existed as against any of the parties. It must also be remembered that an offer to confess judgment would in any event constitute an account stated upon which suit could only be brought subsequently thereto. There is another approach to this question. At the time Schaaf was asked to confess judgment, he had ceased to be president, the charges of plaintiff had been disputed by the Company through action of its Board of Directors, and the Company was resisting the suit. Under these circumstances Schaaf could not, by agreeing to confess judgment, bind the company upon an account stated.

As hereinbefore stated, an account stated was not pleaded in the second amended petition. The court however, permitted the introduction of evidence bearing thereon, although in our judgment all the evidence would have been competent under the pleadings, if there had been no claim as to an account stated. No application to amend the second amended petition so as to allege an account stated was ever made. We thus have preesnted to us the unusual situation of a plaintiff in error seeking a final judgment in a case upon an issue that was not made by the pleadings. However, we have considered the case upon its merits, as if this anomaly did not exist.

We find no prejudicial error apparent upon the face of the record, and the judgment will be affirmed.

LLOYD and RICHARDS, JJ, concur.