PERSONAL INCOME CONSULTANTS, INC., APPELLEE, *v.* MAMONE, APPELLANT.

(No. 84AP-219 — Decided September 20, 1984.)

*John A. Yaklevich,* for appellee.
*Alan W. Sheppard,* for appellant.

VICTOR, J. On January 30, 1984, the Franklin County Municipal Court granted plaintiff's motion for summary judgment awarding plaintiff $3,185 plus interest at "two percent (2%) per month from July 26, 1982, plus costs." That order prompted this appeal. Defendant, Frank A. Mamone, asserts four assignments of error, as follows:

"1. The trial court erred in granting plaintiff's motion for summary judgment on plaintiff's third claim for relief where the defendant contested the plaintiff's motion with a memorandum contra with an affidavit attached alleging that the plaintiff had failed to provide services of value as promised in exchange for the recited contractual consideration.

"2. The trial court erred in granting summary judgment on an account where no proper account was before the court.

"3. The trial court erred in granting pre-judgment interest to the plaintiff where there was no agreement between the parties on the subject of interest.

"4. The trial court erred in granting interest to the plaintiff at two percent (2%) per month where Ohio Revised Code § 1343.03 applies."

The plaintiff, Personal Income Consultants, Inc. (PIC), the collection agent for its affiliate, Columbus Financial Planning Agency, Inc., which does business under the trade name Business Personal Income Consultants (B/PIC),

filed a complaint in the Franklin County Municipal Court against the defendant seeking the recovery of $3,248.70 plus interest at two percent per month from September 14, 1982. The complaint contained two causes of action, the first being an action on an account, the second seeking recovery on a breach of contract theory. Attached to the complaint was an exhibit purporting to be the account. The sum of $3,248.70 included the sum of $3,185 alleged due for services rendered plus $63.70 for "late charges." Defendant denied all allegations of the complaint.

Plaintiff (PIC), filed an amended complaint adding a third cause of action based on an account stated for $3,185 plus interest at two percent per month from July 26, 1982. The same exhibit was attached to the amended complaint. Defendant answered, alleging the amended complaint failed to state a cause of action for which relief could be granted and denied all the allegations thereof.

Plaintiff thereafter moved for summary judgment with supporting affidavits and the defendant's deposition. Defendant replied by affidavit that he had done no business with PIC and that he had received nothing of value for the services PIC claims were rendered to him.

It is uncontradicted that in November 1981, Thomas Adams, an officer of PIC and B/PIC, submitted a proposal to defendant whereby B/PIC would provide financial consulting services for defendant for a fee of not less than $5,580, nor more than $7,740, of which $2,790 was payable in advance and any balance as earned. Defendant paid the $2,790.

Additional services were rendered, and, on either July 23, 1982, or July 26, 1982, it was agreed between Adams and the defendant that, pursuant to the agreement, defendant owed an additional $3,185. Defendant admitted in deposition that a figure in the range of $3,000 was correct. In argument before this court he admitted that $3,185 was correct and now challenges only the interest award.

It is apparent that no genuine issue of fact exists as to the validity of the judgment for $3,185. Thus, pursuant to Civ. R. 56, the first assignment of error is overruled.

The exhibit attached to the complaint and the amended complaint was a bill and not the statement of an account as defined by this court in *Brown* v. *Columbus Stamping & Mfg. Co.* (1967), 9 Ohio App. 2d 123 [38 O.O.2d 143]. An action on an account was, therefore, not properly pleaded.

This judgment, however, was not rendered on an account, but on account stated. An action on an account stated may be predicated on a contract involving the proper subject matter of an account where the parties have agreed to a definite amount as to the correct balance due thereon. 1 Ohio Jurisprudence 3d (1977) 187, Accounts and Accounting, Section 26. Work and labor or services performed under an express or implied agreement to pay for the services rendered are proper subjects of an account. 1 Ohio Jurisprudence 3d 165, Accounts and Accounting, Section 4. Thus, it was immaterial that an action on an account had not been properly pleaded. Since the obligation to pay for the services rendered was the proper subject matter for an account, the judgment, as rendered, satisfied all of the elements of an account stated. We reject the second assignment of error.

The evidence offered by plaintiff to support its motion for summary judgment contains not one scintilla of proof that the parties made any agreement as to interest due on the account stated, either as to the date when it was to begin or the rate at which it was to be computed. The trial court erred in this regard. We modify the judgment and

order that interest shall be computed on the judgment from the date thereof and at the legal rate pursuant to R.C. 1343.03(A).

The third and fourth assignments of error are well-taken.

As modified, the judgment of the Franklin County Municipal Court is affirmed.

*Judgment affirmed.*

McCORMAC, P.J., and REILLY, J., concur.

VICTOR, J., retired, of the Ninth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.