### Blanchester Lumber Supply, Inc.
### v.
### Coleman
*[Cite as 7 AOA 522]*

*Case No. CA89-10-017*
*Clinton County, (12th)*
*Decided September 4, 1990*

*John S. Mengle, Clark & Mengle, 42 E. Silver Street, Lebanon, Ohio 45036, for Plaintiff-Appellant,*

*J. D. Bryant and L. Roger Bowling, Bryant & Mattingly, 115 W. Main Street, Wilmington, Ohio 45177, for Defendant-Appellee,*

JONES, P.J.
Plaintiff-appellant, Blanchester Lumber & Supply, Inc., appeals a bench trial judgment in its suit upon an open account against defendant-appellee, Howard Coleman.

Appellant filed its complaint on November 15, 1988, seeking to recover $4,234.27 representing the amount due on appellee's account. The trial court only granted judgment for $1,370.31, from which appellant appeals and submits the following assignments of error:
"Assignment of Error No. 1.
"It was error for the trial court to require the plaintiff to specifically [sic] prove who materials were delivered to.
"Assignment of Error No. 2.
"The trial court erred in requiring proof of express authority of the defendant's son-in-law's employees to charge on defendant's account be shown."

Both assignments of error essentially raise a weight of the evidence question since each addresses the trial court's determination that appellant failed to establish it was entitled to recover the full amount due on appellee's account.

The record reflects that in March 1988, appellee opened the account primarily to assist his son-in-law, Al Lakes, who was getting started in his own drywall business. Upon receiving a bill the following month, appellee paid $1,389.62 on the account. According to appellee, he then informed appellant's store manager that Lakes could not incur any further charges in excess of $50 without appellee's prior approval. Thereafter, appellee continued to receive statements in the mail. By his own admission, appellee did not even open the statements but simply turned them over to Lakes who failed to make payments.

At trial, appellant offered twenty-five separate invoices representing charges to the account. Of these, nine were signed by Lakes while the remainder were either unsigned or signed by one of Lakes' employees. There was evidence that the unsigned invoices represented either materials that were delivered to a job site or materials which Lakes and his employees picked up at appellant's store on an urgent basis and did not have time to sign an invoice. Appellant's store manager disputed appellee's claim that Lakes was limited in the amount he could charge on the account.

An account begins with either a zero balance or a sum that can qualify as an account stated which, in either event, is a provable sum. *AMF, Inc. v. Mravec* (1981), 2 Ohio App. 3d 29, 31. The balance is followed by items representing charges, or debits, and credits and a summary showing a running or developing balance.

*Id.* Thus, an action on an account is appropriate where the parties have conducted a series of transactions for which a balance remains to be paid. *Id.* Where the defendant enters a general denial to the allegations of the complaint, the plaintiff must prove all the elements of a cause ·of action for breach of contract. *Id.*

We believe appellant established a *prima facie* case for its action on the account. Both parties refer to the case at bar as one involving an action on an account stated. An action on an account stated may be based upon a contract involving the proper subject matter of an account where the parties have *agreed to a definite amount* as to the correct balance due thereon. *Personal Income Consultants, Inc. v. Mamone* (1984), 20 Ohio App. 3d 273. According to appellant, appellee's failure to object to subsequent billings on the account within a reasonable length of time after receiving them created an account stated. *Ritter v. Schaaf* (App. 1931), 11 Ohio Law Abs. 630.

While we do not believe appellee's failure to object to his subsequent billings until after appellant took legal action created an account stated, his lack of diligence certainly permitted Lakes to continue to charge on the account. It is readily apparent that appellant continued to furnish either Lakes or his employees materials on the account which appellee opened. Appellant sustained its burden of proving, by a preponderance of the evidence, the existence of a contract for the sale of goods, the delivery of the goods to Lakes, and the failure of appellee to pay for the goods. Unlike *AMF, Inc. v. Mravec, supra,* wherein the defendants testified that they tried to return merchandise which was mistakenly sent to them and tried, without success, to obtain information from the plaintiff regarding specific items that had been delivered but not paid for, appellee simply ignored subsequent statements and did not even question the amount owed on account until after appellant filed its action.

We are satisfied that appellant sustained its burden of establishing a prima facie case of breach of contract which entitles it to recover on the open account. For these reasons, the assignments of error are well-taken and appellant is entitled to recover the full amount due on the account.

*Judgment reversed
and remanded.*

HENDRICKSON, J., concurs.

KOEHLER, J., dissents.

KOEHLER, J. dissenting.
The majority recognizes that the assignments of error herein essentially raise weight of the evidence questions. I agree. The majority then rejects appellant's theory of recovery on an *account stated.* Again I agree.

The majority then invades the province of the trial court boldly finding that appellant had proven by the *preponderance* of the evidence a contract for the sale of goods, the delivery of goods to a third party, Lakes, and appellee's failure to pay the balance due on the account. Such a finding is then diluted by the majority's conclusion that the burden on the appellant was simply to establish a prima facie case of breach of contract.

Obviously the appellant's burden of proof in such cause is by a preponderance of evidence, a burden which·the trial court found the appellant failed to carry.

The trial court chose to believe that terms of the account had been modified by the appellee after his payment of the initial billing and that appellant failed to show it complied with the modified terms placed upon the account.

The record clearly reveals appellant did not comply with the modified terms of the contract and breached the agreement.

The majority without authority simply holds the appellee responsible on the account for lack of diligence.

The trial court heard the evidence, determined the credibility of the witnesses, and concluded that appellant failed in his burden of proof.

The majority presents no rational reason to usurp the trial court's judgment in this cause and therefore I dissent.