[Cite as *OhioHealth Corp. v. Neal*, 2017-Ohio-1125.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| OhioHealth Corporation, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 16AP-606 |
| v. | : | (M.C. No. 2015 CVF 011991) |
| Leo Neal, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on March 28, 2017

**On brief:** *Weltman, Weinberg & Reis, Co. LPA,* and *Allen J. Reis,* for appellee.

**On brief:** *Leo Neal,* pro se.

APPEAL from the Franklin County Municipal Court

HORTON, J.

{¶ 1} Defendant-appellant, Leo Neal, pro se, appeals from the August 1, 2016 judgment of the Franklin County Municipal Court denying his motion for relief from judgment. For the following reasons, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On April 15, 2015, plaintiff-appellee, OhioHealth Corporation, filed a complaint against appellant alleging that he failed to pay the balance due of $2,258.75 for services rendered on May 30, 2012. A copy of appellee's redacted account statement indicating the amount due from appellant was attached to the complaint as exhibit No. 1. Appellee alleges that the services were performed pursuant to a general consent form. (Pl.'s Ex. 1, July 26, 2016 Memo Contra Def.'s Mot. for Relief.)

{¶ 3}   On August 27, 2015, the trial court entered a default judgment in favor of appellee because appellant failed to file an answer or otherwise appear although duly served with process. Seven months later, on March 25, 2016, appellant filed a motion for relief from judgment.  Appellant did not serve appellee with the motion until May 2, 2016, and it was denied on May 31, 2016. Appellant then filed another motion for relief from judgment on June 21, 2016. Appellee responded with its memorandum contra defendant's motion for relief from judgment.

{¶ 4}   After a hearing on July 29, 2016, the trial court denied appellant's motion for relief from judgment and stated:

> This case came before the Court on Defendant's Motion for Relief from Judgment. Testimony was taken and both sides submitted written motions. The Court finds the Defendant was properly served with the complaint and was on notice of this action. The Defendant admits that he was in the hospital due to an accident on the day in question. The Court finds no legal reason the judgment should not stand. Therefore Defendant's motion is overruled.  Judgment to stand.
>
> This is a final, appealable order.  The Court hereby directs the Municipal Court Clerk to serve upon all parties notice of this judgment and its date of entry upon the journal.

(Aug. 1, 2016 Entry at 1.)

## II. ASSIGNMENTS OF ERROR

{¶ 5}   Appellant appeals, assigning the following errors:

> I. THE TRIAL COURT ERRED IN GRANTING PLAINTIFF-APPELLEE OHIOHEALTH CORPORATION'S MOTION FOR DEFAULT JUDGMENT BASED ON A COMPLAINT WHICH DID NOT STATE A CAUSE OF ACTION AGAINST THE DEFENDANT-APPELLANT.
>
> II. THE TRIAL COURT ERRED BY NOT VACATING THE DEFAULT JUDGMENT GRANTED TO PLAINTIFF-APPELLEE OHIO HEALTH CORPORATION BASED ON THE 60(B) MOTION FILED BY DEFENDANT-APPEALANT.
>
> III. THE TRIAL COURT ERRED BY NOT VACATING THE DEFAULT JUDGMENT GRANTED TO PLAINTIFF-APPELLEE OHIO HEALTH CORPORATION DUE TO LACK OF ADEQUATE EVIDENCE ENTERED TO SUPPORT

PROOF OF THE CAUSE OF ACTION AGAINST THE DEFENDANT-APPEALANT.

IV. THE TRIAL COURT ERRED BY DENIYING THE DEFENDANT-APPEALANT THE OPPORTUNITY TO REVIEW EVIDENCE FILED BUT NOT SERVED ON DEFENDANT-APPEALANT BY THE PLAINTIFF-APPELLEE DURING A MOTION HEARING.

(Sic passim.)

## III. STANDARD OF REVIEW AND MOTIONS FOR RELIEF

{¶ 6} Our standard of review of a trial court's decision to grant or deny a motion for relief from judgment is whether or not the trial court abused its discretion. *Flagstar Bank, FSB v. Hairston*, 10th Dist. No. 12AP-679, 2013-Ohio-1151, ¶ 6.

{¶ 7} Civ.R. 60(B) provides as follows:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

{¶ 8} For a party to prevail on a Civ.R. 60(B) motion, the litigant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order, or proceeding was entered or taken. *GTE Automatic Elec., Inc. v. ARC*

*Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. The movant must establish all three of the requirements or the motion will be denied. *Id.* at 151; *Winona Holdings, Inc. v. Duffey*, 10th Dist. No. 10AP-1006, 2011-Ohio-3163, ¶ 13.

## IV. ASSIGNMENT OF ERROR ONE, TWO, AND THREE – NO ABUSE OF DISCRETION

{¶ 9} The first three assignments of error are interrelated and, as such, we will treat them together. Appellant argues that the trial court erred in not granting him relief from judgment because appellee's complaint fails to state a cause of action against him.

{¶ 10} Appellant argues that appellee fails to state a cause of action against him because: (1) the complaint names "Leo Neal" as the defendant, and appellant's correct name is Leo Neal, Jr.; (2) the account statement attached to the complaint (which appellant refers to as an "admittance form"), was redacted and does not reflect that the services had been authorized; and (3) the general consent form (which appellant refers to as an "admission statement") was not signed by anyone and, therefore, appellee was not authorized to perform any services. In addition, appellant alleges that appellee is committing fraud on the court, or at least a misrepresentation, by introducing the account statement and general consent forms as exhibits.

{¶ 11} Appellant's claims lack merit. Appellant cannot show that he has a meritorious defense under the first prong of the *GTE* test, i.e., he cannot show that he has a meritorious defense. His argument that he is not the proper party, because he was named in the complaint as Leo Neal, rather than his claimed preference, Leo Neal, Jr., is misplaced. We have held that a change in the spelling of a name where the idem sonans is preserved, i.e., the names sound the same, is not a material variance. *Nicholson Tool & Die, Inc. v. Cajun Ents., Inc.,* 10th Dist. No. 89AP-895 (Jan. 16, 1990), at 9. As early as 1839, the Supreme Court of Ohio acknowledged that "[i]t is not every mistake in names which will invalidate an instrument or proceeding. This effect will follow where the person can not be identified, or where the error is such as to describe another." *Lessee of Pillsbury v. Dugan's Admr.*, 9 Ohio 117, 120 (1839). The general rule in Ohio is that a change in the spelling of a name where the idem sonans is preserved, is not a material variance. *Natl. Packaging Corp. v. Belmont*, 47 Ohio App.3d 86, 89 (1st Dist.1988).

{¶ 12} It is undisputed that appellant was treated at appellee's hospital on May 30, 2012. Appellant has not claimed that "Leo Neal" is a different person from Leo Neal, Jr. This is not a case where the correct patient cannot be identified, or where another person is being described in the complaint. Even if appellee has mistakenly omitted the "Jr." in Neal's name, it is not a material variance and the mistake would not invalidate the documents or underlying obligation.

{¶ 13} Appellant's argument regarding the account statement is also misplaced. Appellee attached to the complaint a redacted account statement, indicating the amount due from appellant. Appellant claims that the account statement does not reflect that the services were authorized. Appellant misconstrues the account statement as an "admittance form." It is not the purpose of an account statement to show consent. Our review shows that it is an appropriate document to attach to an action on account where the parties have conducted a series of transactions for which a balance remains to be paid. *Blanchester Lumber & Supply, Inc. v. Coleman*, 69 Ohio App.3d 263, 265 (10th Dist.1990). The document shows the patient's name and responsible party as Leo Neal with appellant's address, which is the same address that he has used during this action. The account statement also provides a list of costs with the services redacted due to HIPAA requirements, as well as discounts, leaving an amount due of $2,258.75. Also, the complaint contains a short and plain statement of the claim showing that the party is entitled to relief, as well as a prayer for judgment for the relief. Appellee's complaint clearly complies with the requirements of Civ.R. 8(A).

{¶ 14} Likewise, appellant's argument regarding the general consent form lacks merit. Appellant claims that the general consent form was not signed by anyone. Appellant is incorrect. Our review shows that the consent form lists the patient name as Leo Neal with a date of birth of January 3, 1948, and the date of treatment as May 30, 2012. The form contains three signature lines. The first line says "Patient Signature." The second line, which is beneath the first line, says "Patient Representative Signature." The third line, which is beneath the second, says "Witness Signature." Contrary to appellant's assertion, the form contains a large signature that encompasses both the first and second lines, as well as a witness' signature. Again, appellant does not claim that the signature is

not his, or that the date of birth is incorrect, he just incorrectly asserts that the form was not signed by anyone.

{¶ 15} Finally, appellant argues that default judgment should have been vacated because appellee has committed fraud upon the court by attaching the account statement and general consent form as exhibits. Appellant has failed to present any cogent argument that fraud has been committed. As discussed above, the document attached to the complaint was sufficient to state the cause of action.

{¶ 16} In the instant matter, appellant fails to make any argument which indicates that appellee failed to state a cause of action, but instead alleges that he uses the name Leo Neal, Jr., and the documents attached to appellee's pleadings refer to "Leo Neal."  The evidence shows that appellant received services from appellee as indicated by the journal entry stated above wherein the trial court unequivocally found that appellant was treated at appellee's hospital on the day in question, and appellant received services that resulted in a balance that is still unpaid and owing to appellee. Appellant has not shown that he has a meritorious defense under the first prong of the *GTE* test.  As such, there is no need to analyze the second and third prongs. Therefore, appellant's assignments of error one, two, and three are overruled.

## V. ASSIGNMENT OF ERROR FOUR—NO TRANSCRIPT

{¶ 17} Appellant contends that the trial court erred by denying him the opportunity to review, during the hearing of July 29, 2016, evidence that was filed but not served on him, i.e., the general consent form attached to appellee's memo contra. Appellee argues that, pursuant to Civ.R. 5, appellant was properly served.

{¶ 18} However, we note that the transcript of the hearing of July 29, 2016 is not included in the record.  In *Pullman Power Prods. Corp. v. Adience, Inc.*, 10th Dist. No. 02AP-493, 2003-Ohio-956, ¶ 14, we stated:

> An appellant must "* * * identify in the record the error on which the assignment of error is based * * *." App.R. 12(A)(2); *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384. An appellant bears the burden of ensuring that a reviewing court has all the materials necessary to enable it to review the trial court's determination, which, in this case, would require a review of the parties' motions for summary judgment. *See* App.R. 9 and 10; *Ham v. Park* (1996), 110 Ohio App.3d 803, 809, 675 N.E.2d 505;

> *Hildebrecht v. Kallay* (June 11, 1993), Lake App. No. 92- L-189, 1993 Ohio App. LEXIS 2966. "When portions of the [record] necessary for resolution of the assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp*, supra.

{¶ 19} In the instant case, appellant has failed to provide this court with an adequate record to determine the merits of his appeal as it pertains to assignment of error four. In the absence of an adequate record, this court must presume the regularity of the trial court's actions. *See Pullman* at ¶ 15. Appellant's fourth assignment of error is overruled.

## VI. DISPOSITION

{¶ 20} Having overruled appellant's four assignments of error, the judgment of the Franklin County Municipal Court is affirmed.

*Judgment affirmed.*

KLATT and BRUNNER, JJ., concur.

———————————