24 P.(2d) 280

## STATE v. GILBERT.

No. 3811.

Supreme Court of New Mexico.

July 12, 1933.

W. A. Sutherland, of Las Cruces, for appellant.

E. K. Neumann and Quincy D. Adams, both of Santa Fé, for the State.

WATSON, Chief Justice.

Appellant shot and killed Constantino Garde in Lincoln county. The venue was changed to Dona Ana county, where he was tried and convicted of murder in the second degree.

The deceased had been a sheep owner. But, being in default under a mortgage, he had turned the sheep over to a bank in satisfaction of the debt; retaining for a few months an option to repurchase them. In the meantime the bank engaged pasture for them on a ranch owned by appellant's father, but practically managed by appellant. The deceased was engaged at a stated monthly wage to care for the sheep, and appellant was engaged in a more or less supervisory capacity to protect the bank's interests.

This arrangement does not seem to have resulted in any open quarrel. It is evident, however, that the parties did not work in harmony. Appellant says that the deceased disregarded in sullen silence such authority as he had or assumed. On the day of the homicide appellant had gone to Carrizozo to report to the bank a particular instance of improper handling of the sheep, and had been reassured by the bank that he was expected to look after its interests and directed that if there should be another occurrence of the kind he should report it and send Mr. Garde in. Returning from that interview, he proceeded, accompanied by one Davis, the only eyewitness, to report its result to the deceased.

The immediate circumstances, as testified by appellant and corroborated by Davis, were these: As appellant and Davis drove up to the sheep camp, the deceased was standing in

front of it. Appellant stepped out of the car and addressed to the deceased the single word, "Constantino," his name. The deceased immediately "broke and ran" to his own car, distant a few paces, took his rifle from the car, leveled it at appellant, and attempted to fire. There was some failure of the gun action which prevented a discharge. Appellant, thus in peril, retreated a step or two to his own car, a coupé, took his pistol from the shelf behind the seat, and rapidly poured its contents upon the deceased, causing his death.

If this be the truth and the whole truth, appellant should of course have been acquitted. Appellant strongly urges that there was no substantial evidence to support the verdict.

■■ It seems to be well established in this jurisdiction that it is within the province of the jury to imply malice in a case where a killing with a deadly weapon has been established. State v. Parks, 25 N. M. 395, 183 P. 433; State v. Smith, 26 N. M. 482, 194 P. 869; Territory v. Gutierrez, 13 N. M. 138, 79 P. 716; Territory v. Lucero, 8 N. M. 543, 46 P. 18. Appellant is in the unfortunate position of having failed to impress the jury with the truth of his claim of self-defense. The jury was not bound to accept it. It is not for this court to concern itself with such elements of improbability as it may contain, nor with the small circumstances in evidence which no doubt impressed the jury. Under instructions, of which there is no complaint, the jury has announced itself convinced beyond a reasonable doubt that appellant killed in malice. We cannot disturb the verdict.

■ Davis was, of course, an important witness, and his credibility was highly in question. The extent to which the state should be permitted to go in testing it was largely in the discretion of the trial court. A careful review of the cross-examination discloses nothing on which to base a reversal.

■ During the progress of the trial appellant's counsel asked that the widow of the deceased be excluded from the courtroom. This is a matter generally within the discretion of the trial court, and the record discloses no abuse of it.

The proposition perhaps most strongly urged upon us does not involve any particular claim of error on the part of the trial court. It points out numerous incidents of the trial; commencing with the opening statement to the jury, to which no objection was made at the time; including the rigor of the cross-examination of appellant, and his witness Davis; the insistence upon the widow's presence at the counsel table, and unnecessarily placing her upon the witness stand; attempts to adduce incompetent evidence, insinuations and implications of facts not provable or which could not be proved; all it is claimed manifesting an excess of zeal and unfair tactics on the part of the prosecution, so calculated to prejudice the jury that appellant cannot be said to have had a fair trial.

The state contends that this is a matter upon which a timely ruling was not invoked, and which we cannot therefore consider; that even if there were merit in the contention, it was the duty of appellant, prior to submission

of the cause, to move for a mistrial; and that, not having done so, he is in the position of having gambled on the verdict and must take the consequences.

Under the circumstances of the case, we deem it unnecessary to decide this law point. This was a vigorous prosecution—necessarily so to combat the strong defense. While we do not approve all that was done, we have not found such evidence of bad faith or misconduct on the part of the district attorney, or of prejudice to appellant, as would probably have moved discretion to stop the trial. We are well satisfied that it is not a case in which we should overturn the verdict.

We feel constrained to affirm the judgment. It is so ordered.

SADLER, BICKLEY, and ZINN, JJ., concur.

HUDSPETH, J., did not participate.