72 P.(2d) 1087

**STATE v. TAPIA.**

No. 4318.

Supreme Court of New Mexico.

Oct. 19, 1937.

H. E. Blattman, of Las Vegas, for appellant.

Frank H. Patton, Atty. Gen., and Richard E. Manson, Asst. Atty. Gen., for the State.

BICKLEY, Justice.

The appellant was convicted of robbery with a dangerous weapon, contrary to the provisions of section 35-701, N. M. S. A. 1929. Errors relied upon for reversal are as follows:

"That the verdict of the case is against the law and the evidence and that the evidence preponderates in the favor of the appellant, Max Tapia.

"That the Court erred in refusing to permit appellant's counsel to ask the appellant, Max Tapia, on direct examination, how much land he owned on the 7th day of November, 1936; whether he was the owner of several hundred acres of land in San Miguel County; whether he was the owner of sheep, fifty head of cattle, horses and that he had money in the bank and in denying the tender of such proof."

A careful examination of the record shows that the evidence, though conflicting, is ample to support a conviction.

 We also find appellant's second point to be without merit. The purpose of appellant in seeking to elicit his ownership of land and personal property was to show that he had no motive for the robbery. In the first place, proof of a motive is not indispensable to a conviction of crime. See Reynolds v. State, 147 Ind. 3, 46 N.E. 31, 33 and cases cited. Among the motives recognized as impelling men to commit crimes of this sort is the desire for gain.

"This motive, however, has influenced the conduct of rich persons as well as poor persons. Men do not rob or steal except as they have a desire to do so, but such desire does not come so much from poverty of the individual, as from the absence of a moral sense, and from the desire to possess at all hazards something that does not belong to him." Reynolds v. State, supra.

That in such trials evidence of pecuniary condition of the defendant may be excluded from the jury, see, also, State v. Gulliver, 163 Iowa 123, 142 N.W. 948; Craig v. State, 171 Ind. 317, 86 N.E. 397; State v. Lazzaro, 100 Wash. 562, 171 P. 536; State v. Allen, 23 Idaho 772, 131 P. 1112. In the last-cited case the Idaho Supreme Court answered the persuasive argument of the defendant that the case of Jacob v. Esau, 25 Genesis 29-33, was a recognition of what hunger will drive men to do. The court went on to say that it would be a very dangerous rule to adopt and an erroneous conclusion to reach to suppose that those who are hungry or "broke" are the only ones who commit crimes—even the crime of robbery. We do not consider the decision in Dimmick v. U. S. (C.C.A.) 135 F. 257, relied upon by appellant, as an authority to the contrary. Furthermore, it is difficult to see how the appellant was prejudiced by the rejection of the proffered testimony. A witness was permitted to testify without objection that appellant had $200 on the date of the robbery. Also it is to be noted that this is not a circumstantial evidence case, and it is inconceivable that the testimony offered to show that appellant had additional property would have been help-

ful to him in the face of positive testimony by eyewitnesses to the robbery.

Finding no reversible error in the record, the judgment is affirmed and the cause remanded, and it is so ordered.

HUDSPETH, C. J., and SADLER, BRICE, and ZINN, JJ., concur.