297 P.2d 1053

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Valentino Ruben OCHOA, Defendant-Appellant.**

**No. 6044.**

Supreme Court of New Mexico.

May 29, 1956.

H. E. Blattman, Las Vegas, for appellant.

Richard H. Robinson, Atty. Gen., Fred M. Standley, Asst. Atty. Gen., A. T. Montoya, Sp. Asst. Atty. Gen., for appellee.

McGHEE, Justice.

The appellant seeks a reversal of his conviction of murder in the second degree because of claimed insufficiency of the evidence to sustain the charge, and a claimed error in the instructions on unavoidable accident or misfortune.

The appellant and the prosecuting witness, Carlos Baca, attended a dance in Tucumcari, New Mexico, where trouble started between them and an innocent bystander was killed. Earlier, the appellant and one Bennie Paiz were standing together outside the dance hall when Bennie Baca, a brother of Carlos Baca, went out to address Paiz about some foul remarks it was claimed the latter had made to Bennie's wife. Appellant pulled a gun from his coat pocket, dropped it to the ground, picked it up and pointed the gun at Bennie Baca and asked, "What is going on?" Baca stated that what he had to say was for Paiz alone. The appellant then went into the dance hall. Bennie Baca followed shortly thereafter where he told a sister what had happened. The sister then told her brother, Carlos Baca, of the occurrence and pointed out the appellant who was then dancing with a Miss Salazar. When the dance stopped Carlos Baca testified that he tried to talk to the appellant, asking him what had happened; that appellant did not reply but jumped back, pulled the gun and pointed it at him (Carlos Baca), who then pulled a spring bladed knife and started for appellant but was grabbed by two women who stopped and held him. At that time Special Officer Garcia testified he stepped between Carlos Baca and the appellant, stating there must not be a fight there, and that he pushed appellant back so they could not fight; that appellant said to Garcia, "You are not going to play with me." Garcia testified that when he pushed appellant away appellant fired two shots killing Mrs. Andrea Gutierrez, a bystander. As soon as Garcia pushed appellant back and saw he had a gun, Garcia started striking appellant with a black jack. There is some conflict in the testimony as to just when the gun was drawn, but it seems to be fairly well agreed the shots were fired while the officer was striking appellant with the black jack.

The principal argument of appellant is that there was no proof of malice, or evidence from which it could fairly be inferred.

The jury was instructed on the plea of self defense and unavoidable accident or misfortune and found both issues against the appellant. Necessarily included in the finding of a verdict of murder in the second degree was a finding of malice and premeditation. The record contains some 200 pages of testimony, but it would be of little

benefit to set any of it forth at length. The appellant had no reason to shoot the bystander, Andrea Gutierrez, but under the law the malice and deliberation as regards Carlos Baca was transferred to her. State v. Carpio, 1921, 27 N.M. 265, 199 P. 1012, 18 A.L.R. 914.

 The malice necessary to sustain a conviction of murder in the second degree may be implied. Section 40–24–3, N.M.S.A.1953, defines it as follows:

"Malice shall be implied when no considerable provocation appears, or when all circumstances of the killing show a wicked and malignant heart."

 While malice may not be inferred from the mere carrying of the gun, the appellant was apparently on the warpath and looking for trouble that night. As heretofore stated, when Bennie Baca spoke to Paiz concerning the remarks to Bennie Baca's wife that Paiz was supposed to have made, the appellant, who was a stranger, immediately pulled the gun and pointed it at Paiz. Later when Carlos Baca asked about the argument, the gun, according to some of the testimony, was immediately drawn and pointed at Baca; appellant paid no heed to the admonition of the officer and instead said to the officer, "You are not going to play with me." Immediately thereafter appellant fired the shots.

 In addition to the foregoing, it is stated in State v. Gilbert, 1933, 37 N.M. 435, 24 P.2d 280, 281, where there was a conviction of murder in the second degree:

"It seems to be well established in this jurisdiction that it is within the province of the jury to imply malice in a case where a killing with a deadly weapon has been established. [Citing cases.] * * *"

There are other New Mexico cases which support the rule.

 We hold the evidence is sufficient to support the verdict.

 The appellant also says the court on its own motion gave an erroneous instruction on a killing caused by unavoidable accident or misfortune. A sufficient answer to that claim is that appellant stated he had no exceptions to take to the instructions as prepared by the trial court and that he had no instructions to tender. This precludes the consideration of a claim of error in that regard. State v. Sena, 1950, 54 N.M. 213, 219 P.2d 287.

It should be stated the attorney who represents the appellant here was not in the trial below.

The judgment will be affirmed, and it is so ordered.

COMPTON, C. J., and LUJAN, SADLER and KIKER, JJ., concur.