452 P.2d 694

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Jake Leo BRITO, Defendant-Appellant.**

**No. 295.**

Court of Appeals of New Mexico.

March 21, 1969.

**167**

Hilario Rubio, Santa Fe, for defendant-appellant.

James A. Maloney, Atty. Gen., Justin Reid, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Judge.

Defendant shot and severely wounded Robert Lee Patterson. He seeks a reversal of his conviction of aggravated assault. He contends there is a lack of substantial evidence to show either his intent or his motive in shooting his victim.

The applicable portion of § 40A–3–2, N.M.S.A.1953 (Repl.Vol. 6) reads:

"Aggravated assault consists of either: A. unlawfully assaulting or striking at another with a deadly weapon;"

*Intent.*

■ In determining whether there is substantial evidence that defendant intended to unlawfully assault Patterson with his .38 revolver, we review the evidence in the light most favorable to the State. We resolve conflicts and indulge all permissible inferences in favor of the verdict. State v. McAfee, 78 N.M. 108, 428 P.2d 647 (1967).

■ There being no direct proof of intent, it must be inferred from the acts and conducts of the parties. This circumstantial proof must be inconsistent with any reasonable hypothesis of defendant's innocence. See State v. Seal, 75 N.M. 608, 409 P.2d 128 (1965).

The circumstances shown by the evidence are:

Defendant was sitting in his car at a service station. Patterson came up to the car and offered defendant a beer. Defendant told Patterson to leave but he didn't do so. Defendant then shot Patterson. The revolver was within one foot of Patterson's shirt when it was fired; Patterson fell to the ground. Defendant said, "Get up, cabron [son of a bitch], I didn't do you anything." Defendant got up and walked or staggered out of sight behind the service station. Defendant and his girl friend " * * * went looking for him afterwards. * * *" They couldn't locate Patterson. Patterson said he was " * * * lying down under some weeds so they couldn't see me, * * *" The bullet struck Patterson in the side of the neck.

■ This evidence shows four acts of defendant—(1) he told Patterson to leave; (2) he fired the revolver within one foot of and in the direction of Patterson; (3) he called Patterson a son of a bitch and told him to get up; and, (4) he looked for Patterson after Patterson went behind the service station. The first three acts, considered together, are inconsistent with any reasonable hypothesis of defendant's innocence. These circumstances are substantial evidence that defendant intended to shoot Patterson.

*Motive.*

■ Defendant claims that no motive was proven. Proof of motive is not indispensable to conviction. State v. Tapia, 41 N.M. 616, 72 P.2d 1087 (1937). As stated in State v. Alva, 18 N.M. 143, 134 P. 209 (1913):

" * * * the state is not required to prove a motive for the crime, if without

this the evidence is sufficient to show that the act was done by the accused."

Here, there is no contention that defendant did not shoot Patterson. The State was not required to prove motive. Thus, it makes no difference, in this appeal, whether motive was proved.

The judgment and sentence are affirmed.

It is so ordered.

SPIESS, C. J., and HENDLEY, J., concur.