456 P.2d 880

STATE of New Mexico, Plaintiff-Appellee,

v.

Jake DURAN, Defendant-Appellant.

No. 303.

Court of Appeals of New Mexico.

May 29, 1969.

Rehearing Denied June 24, 1969.

Thomas A. Sandenaw, Charles W. Durrett, Durrett & Conway, Alamogordo, for appellant.

James A. Maloney, Atty. Gen., Vince D'Angelo, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

WOOD, Judge.

Defendant was convicted on two charges of aggravated battery. His appeal asserts the trial court erred in: (1) failing to submit a form of verdict covering the defense of insanity at the time the offenses were committed and (2) failing to instruct on lesser included offenses.

Section 41–13–3, N.M.S.A.1953 (Repl. Vol. 6, Supp.1967) states in part:

"When the defense of 'not guilty by reason of insanity at the time of commission of an offense' is raised upon trial, the issue shall be determined * * * in jury trials by a special verdict of the jury. * * *"

The jury was instructed concerning the issue of defendant's insanity at the time of commission of the two offenses. The trial court, however, did not submit a special verdict to the jury. In this case, the failure to comply with § 41–13–3, supra, is not reversible error.

Defendant requested a form of special verdict. He contends, and we agree, that the record, showing settling of the instructions and the reading of the instructions to the jury, is not clear whether the special verdict form was to be submitted. The instructions did not identify the forms of verdict to be submitted but referred only to "* * * proper forms of verdict. * * *"

After closing arguments were completed, the trial court informed the jury:

"* * * I want to make it a little clearer in regard to these forms of verdict. * * *" The court then stated that the jury would consider only two forms of verdict (guilty and not guilty) as to each charge. There was no mention of a special verdict concerning the insanity defense.

Defendant made no objection to the trial court's explanation concerning the verdicts submitted for the jury's consideration. There was no objection to the absence of the special verdict form until the guilty verdict had been returned and the jury had been discharged.

State v. James, 76 N.M. 376, 415 P.2d 350 (1966) states that it was defendant's duty "* * * to point out to the trial court any claimed errors in the administration of justice as they occurred, so that the court might have corrected of [sic] avoided such errors. * * *"

■ Defendant knew of the forms of verdict being submitted before the jury began its deliberations. Yet, defendant waited until after the verdict was returned and until after the jury was discharged before objecting to the failure to submit a form of special verdict. He did not point out the claimed error when it occurred. Compare Territory v. Kennedy, 15 N.M. 556, 110 P. 854 (1910). Defendant waived his right to object to the omission. See Mitchell v. Allison, 54 N.M. 56, 213 P.2d 231 (1949).

*Failure to instruct on lesser included offenses.*

The trial court refused defendant's request to instruct on assault, aggravated assault and battery. See §§ 40A–3–1, 40A–3–2 and 40A–3–4, N.M.S.A.1953 (Repl.Vol. 6). Defendant contends these crimes were lesser offenses included in the charge of aggravated battery. See § 40A–3–5, N.M.S.A.1953 (Repl.Vol. 6). Defendant claims the trial court erred in refusing to instruct the jury concerning these asserted lesser included offenses.

■ Defendant had the right to have instructions on lesser included offenses submitted to the jury. Section 41–13–1, N.M.S.A.1953 (Repl.Vol. 6); 5 Anderson, Wharton's Criminal Law and Procedure § 2099 (1957). This right depends, however, on there being some evidence tending to establish the lesser included offenses. As stated in State v. Sandoval, 59 N.M. 85, 279 P.2d 850 (1955):

"* * * [I]t is only where there is some evidence tending to reduce the offense charged to a lessor [sic] degree or grade, that a refusal to instruct as to included offenses, is error. * * *"

State v. Ortega, 77 N.M. 7, 419 P.2d 219 (1966); State v. James, supra.

■ Battery is included within the offense of aggravated battery. Battery requires an "* * * intentional touching or application of force to the person of another * * *." Section 40A–3–4, supra. Aggravated battery requires that the touching or application of force be with "* * * intent to injure. * * *" Section 40A–3–5, supra. The evidence on the issue of intent is such that the jury could have found no intent at all (see State v. Padilla, 66 N.M. 289, 347 P.2d 312, 78 A. L.R.2d 908 (1959) ), or an intent to apply force or an intent to injure. The proof here is such that we cannot say that defendant should have been convicted of aggravated battery or acquitted. State v. James, supra; State v. Sandoval, supra.

■ There was evidence tending to establish the included offense of battery. The trial court erred in refusing to instruct on this lesser included offense. State v. Mitchell, 43 N.M. 138, 87 P.2d 432 (1939); compare Chacon v. Territory, 7 N.M. 241, 34 P. 448 (1893).

■ We need not decide whether either assault or aggravated assault are offenses included in the charge of aggravated battery. Even if they are included offenses, the proof here is of a battery. Defendant should be convicted of some degree of battery (either aggravated or simple) or acquitted. State v. James, supra; State v. Sandoval, supra.

For the error in failing to instruct on the included offense of battery, the cause is reversed with instructions to set aside the judgment and sentence and grant defendant a new trial.

It is so ordered.

OMAN and HENDLEY, JJ., concur.