460 P.2d 60

STATE of New Mexico, Plaintiff-Appellee,

v.

Gilbert Joe ANAYA, Defendant-Appellant.

No. 8735.

Supreme Court of New Mexico.

Oct. 6, 1969.

James E. Thomson, Santa Fe, for defendant appellant.

James A. Maloney, Atty. Gen., Justin Reid, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

TACKETT, Justice.

The defendant was charged with the crime of murder in Santa Fe County, New Mexico. After trial, the jury returned a verdict finding the defendant guilty of second degree murder. The trial court imposed a sentence of not less than 10 nor more than 50 years. Defendant appeals.

The record reveals that an information was filed on July 7, 1965, accusing defendant of murdering Sophia Sena, also sometimes known as Sophie Sena; Sofie Sena and Sofia Sena, on or about June 20, 1965, in Santa Fe County, in violation of § 40A–2–1, N.M.S.A., 1953 Comp.

The information and bill of particulars alleged that the defendant did willfully and with premeditation murder and kill Sophia Sena; that prior to the killing, defendant uttered a "bad remark" to decedent and was slapped therefor at Vigil Brothers Bar. Decedent departed that bar and defendant left shortly thereafter. Decedent went to the Twentieth Century Club and remained a short time and, upon leaving this latter bar, she walked north on Galisteo Street, where the defendant had stopped his automobile, waited and blocked her path. With gun in hand, defendant told decedent he was going to kill her. Defendant fired two shots, missed decedent, and again told her he was going to kill her. Defendant fired a third shot and the bullet penetrated the left side of decedent's head. She fell to the pavement, mortally wounded, and later succumbed. Defendant then sped away in his automobile. The three shots were fired at an approximate distance of three feet from decedent.

Appellant contends, under point I, that the trial court erred in giving instruction No. 8 and, under point II, in refusing to instruct the jury as requested by defendant. The court gave 30 instructions to the jury, among them No. 8, which reads:

"In order to find the defendant guilty of murder in the second degree, it is required that you should find from the evidence beyond a reasonable doubt that the killing was done with malice. Malice shall be implied when no adequate provocation exists for the killing, or when all the circumstances of the killing show a wicked and malignant heart, and if you believe from the evidence beyond a reasonable doubt that no adequate provocation existed for the killing, if you so find, or that all the circumstances of the killing show a wicked and malignant heart, then you must find that such killing was with premeditated malice or malice aforethought, that is, malice without the aggravating circumstances of deliberation.

"You may imply malice in this case if you find beyond a reasonable doubt that the killing was perpetrated by means of a deadly weapon. Deadly weapon within the meaning of the instructions means all kinds and classes of pistols, whether the same be a revolver, repeater, derringer, or any kind or class of pistol or gun."

This instruction was proper under the circumstances of the instant case. Appellant contends the giving of the instruction

was prejudicial because it overemphasized the use of the gun. He further contends that the trial court should have adopted his requested instruction No. 30, in lieu of instruction No. 8 given by the trial court. With this we cannot agree.

Appellant places great reliance on State v. Ochoa, 61 N.M. 225, 297 P.2d 1053 (1956), to support his requested instruction No. 30, which reads: "Malice is not inferred from the mere carrying of a pistol." This statement in the Ochoa case was merely explanatory dicta, as it concerned the carrying of a pistol rather than its use. The Ochoa case held that where a killing with a deadly weapon has been established, malice can be implied. See State v. Gilbert, 37 N.M. 435, 24 P.2d 280 (1933), as it is there stated:

> "It seems to be well established in this jurisdiction that it is within the province of the jury to imply malice in a case where a killing with a deadly weapon [such as here] has been established. * * *"

The trial court also instructed on voluntary manslaughter, but not on involuntary manslaughter as requested by appellant.

 Appellant had the right to have instructions on lesser included offenses submitted to the jury. This right depends, however, on there being some evidence tending to establish the lesser included offenses. State v. Duran, 80 N.M. 406, 456 P.2d 880 (Ct.App.1969), citing State v. Sandoval, 59 N.M. 85, 279 P.2d 850 (1955). Compare, State v. Pruett, 27 N.M. 576, 203 P. 840, 21 A.L.R. 579 (1921). There was insufficient evidence in the instant case to warrant an instruction on involuntary manslaughter.

All that can be required of the court's instructions is that they properly give to the jury the essential facts which must be established beyond a reasonable doubt before the defendant can be convicted. State v. Gilliam, 60 N.M. 129, 288 P.2d 675 (1955).

After a careful review of the trial court's instructions, we deem them adequate and no error was committed.

The conviction is affirmed.

It is so ordered.

COMPTON, J., and JAMES W. MUSGROVE, D. J., concur.