484 P.2d 763

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Luis P. ANDRADA and Joseph B. Baca, Defendants-Appellants.**
**No. 555.**

Court of Appeals of New Mexico.
March 26, 1971.
Certiorari Denied April 21, 1971.

William W. Bivins, Las Cruces, for appellant Andrada.

Neil E. Weinbrenner, Las Cruces, for appellant Baca.

James A. Maloney, Atty. Gen., Santa Fe, Ray Shollenbarger, Asst. Atty. Gen., for appellee.

## OPINION

WOOD, Judge.

Convicted of aggravated burglary, § 40A–16–4, N.M.S.A.1953 (Repl.Vol. 6), defendants appeal. The issues concern: (1) severance; (2) lesser included offenses; (3) evidence of intent; (4) the instruction on intent; and (5) the failure to strike an allegedly unresponsive and prejudicial answer of a witness.

*Motion for severance.*

Both defendants moved for a severance. Baca's motion claimed that his defense would be in direct conflict with Andrada's defense; that a joint trial would effectively deprive Baca of the opportunity to present an effective defense. Andrada's motion asserted " * * * the defenses of the defendants herein are such that the consolidation of the cases for the purposes of trial would be prejudicial to movant." The trial court ruled " * * * you are not entitled to a separate jury on that, your joint Motions will be denied."

In asserting denial of a severance was error, both defendants recognize that the granting of separate trials to defendants who have been jointly informed against, as here, is a matter for the trial court's discretion. State v. Aull, 78 N.M. 607, 435 P.2d 437 (1967), cert. denied 391 U.S. 927, 88 S. Ct. 1829, 20 L.Ed.2d 668 (1968); State v. Turnbow, 67 N.M. 241, 354 P.2d 533, 89 A.L.R.2d 461 (1960). Their claim is that the trial court abused its discretion. In so contending, both defendants recognize there is nothing in the record, other than the claims made in the motions, and the trial court's ruling, which pertains to the motions for severance. Thus, there is nothing in the record showing how Baca would be deprived of an opportunity to present an effective defense or how Andrada would be prejudiced by a joint trial. As to these items, defendants ask us to accept their explanation of what was presented to the trial court in arguing in support of the motions. Specifically, they ask us to consider matters outside the record. This we cannot do. Our review is limited to the record. Section 21–2–1(17) (1), N.M.S.A. 1953 (Repl. Vol. 4); State v. Gunthorpe, 81 N.M. 515, 469 P.2d 160 (Ct.App.1970).

The only specific claim in the record is Baca's claim that his defense would be in direct conflict with Andrada's defense. Assuming this is a fact, the fact of conflicting defenses, standing alone, does not amount to a showing that the trial court abused its discretion in denying the claim. Compare State v. Aull, supra; State v. Fagan, 78 N.M. 618, 435 P.2d 771 (Ct.App.1967).

*Lesser included offenses.*

Section 41–13–1, N.M.S.A.1953 (Repl.Vol. 6) states in part:

" * * * [F]or an offense consisting of different degrees, the jury may find the accused * * * guilty of any degree of such offense inferior to that charged * * * or of an attempt to commit such offense or any degree thereof; * * * "

The trial court submitted to the jury the charge of aggravated burglary, § 40A–16–4, supra, and the lesser offenses of burglary and criminal trespass, §§ 40A–16–3 and 40A–14–1, N.M.S.A.1953 (Repl.Vol. 6). No

complaint is made that burglary and criminal trespass were improperly submitted as lesser included offenses under the facts of the case.

By their requested instructions, both defendants asked that additional lesser offenses be submitted to the jury. These additional offenses are identified as "attempt to commit aggravated burglary," "attempt to commit burglary" and "unlawful carrying of a deadly weapon." See §§ 40A–28–1 and 40A–7–2, N.M.S.A.1953 (Repl.Vol. 6). Error is claimed because of the trial court's refusal to instruct on these three offenses.

State v. Anaya, 80 N.M. 695, 460 P.2d 60 (1969) states:

> "Appellant had the right to have instructions on lesser included offenses submitted to the jury. This right depends, however, on there being some evidence tending to establish the lesser included offenses. * * *"

State v. Sandoval, 59 N.M. 85, 279 P.2d 850 (1955), rev'd on other grounds, State v. Miller, 76 N.M. 62, 412 P.2d 240 (1966); State v. Duran, 80 N.M. 406, 456 P.2d 880 (Ct.App.1969); see also State v. Ortega, 77 N.M. 7, 419 P.2d 219 (1966); State v. James, 76 N.M. 376, 415 P.2d 350 (1966).

Defendants recognize that under the foregoing decisions it is not error to refuse to instruct on a lesser included offense unless there is some evidence tending to establish · the lesser included offense. They assert, however, that other New Mexico decisions do not require that there be evidence of the lesser included offense. They claim that once there is evidence sufficient for the jury to consider the offense charged, that the trial court, if requested, is required to instruct on all lesser offenses included within the charged offense regardless of whether there is evidence tending to establish the lesser included offense. They say this view is supported by State v. Ulibarri, 67 N.M. 336, 355 P.2d 275 (1960) which states:

> "This court has often held that the trial court must instruct the jury in every de-

gree of the crime charged when there is evidence in the case tending to sustain such degree. * * *"

State v. Ulibarri, supra, involved degrees of homicide and the lesser included offense of voluntary manslaughter, under the facts, in defendant's conviction of first degree murder. The language quoted from *Ulibarri* is appropriate to the charge there involved and consistent with § 41–13–1, supra. The quoted language does not state that a lesser offense, included within the offense charged, is to be submitted to the jury even if there is no evidence tending to establish the lesser included charge. There is no inconsistency between State v. Ulibarri, supra, and the rule reiterated in State v. Anaya, supra. Defendants were not entitled to have lesser included offenses submitted to the jury unless there was evidence tending to establish the lesser included offenses.

Defendants contend, however, that "attempted" crimes are a special category and that because of this special category an "attempted" crime should be submitted to the jury in every case where there is a submissible issue as to the completed crime. Defendants refer us to the "rule" that every completed crime necessarily includes an attempt to commit that crime, and to State v. Lutheran, 76 S.D. 561, 82 N.W.2d 507 (1957). That case held that the jury was properly instructed, and the defendant properly convicted of an attempt, although the defendant was charged with a completed offense. Defendants also rely on the wording of § 41–13–1, supra, arguing that the reference to "attempts" in that statute is in the disjunctive and, therefore, to be considered separately from the statutory reference to an "offense inferior to that charged."

Defendants' position concerning "attempts" disregards the reason for requiring evidence tending to establish lesser included offenses before they are submitted to the jury. That reason is that if the jury is instructed on lesser included offenses, for which there is no evidence, false

issues would be interjected. See State v. Pruett, 27 N.M. 576, 203 P. 840, 21 A.L.R. 579 (1921). New Mexico has consistently taken this position—that there must be evidence tending to establish the lesser included offense before it is to be submitted to the jury. State v. Anaya, supra; State v. Ortega, supra; State v. Sandoval, supra; State v. Pruett, supra. Although none of these decisions directly concerned an "attempt," the principle is as applicable to "attempts" as to lesser completed crimes.

Section 40A–28–1, supra, in defining an "attempt to commit a felony" includes the requirement that the perpetrator must have failed to "effect its commission." If the evidence is of the completed crime, then the crime of "attempt" is not involved. To instruct on an "attempt" where there is no evidence tending to establish a failure to complete the crime would present a false issue to the jury.

Section 41–13–1, supra, authorizes "attempts" to be submitted to the jury. That section, however, does not authorize the submission of an "attempt" issue when there is no evidence tending to establish an attempted crime which failed to be completed.

We hold that there must be evidence tending to establish an attempt as defined in § 40A–28–1, supra, before the issue of "attempt" may be submitted to the jury as a lesser included offense.

Defendants' remaining contention under this issue is that there is evidence to establish the crimes of attempted aggravated burglary, attempted burglary and unlawfully carrying a deadly weapon. As to the two asserted attempts, we disagree.

It is undisputed that at approximately 1:50 a. m. a rear door of a sporting goods store was partially open; its lock having been pried off. Both defendants were inside the store; they had neither authority nor permission to be there. When caught, they had items in their possession which belonged to the store.

If there was an "intent to commit any felony or theft" [§§ 40A–16–3 and 40A–

16–4, supra] in the store, defendants had committed either burglary or aggravated burglary. If there was the requisite intent, there was nothing to indicate a failure to commit some form of burglary. See § 40A–28–1, supra. If the requisite intent was absent, the defendants neither committed any degree of burglary nor any degree of attempted burglary. As between an attempt to commit some degree of burglary and some degree of a completed burglary, the evidence goes only to a completed crime rather than an attempt.

 As to "unlawfully carrying a deadly weapon," there is evidence tending to establish that each defendant was armed with a loaded .38 caliber pistol concealed on his person. Thus, there is evidence tending to establish this crime. See § 40A–7–2, supra. The fact that there is such evidence does not, however, establish that the trial court should have instructed the jury as to this offense. The trial court is not required to instruct on every offense for which there is evidence. Compare State v. Garcia, 78 N.M. 136, 429 P.2d 334 (1967).

The trial court is not required to instruct on offenses which the evidence tends to establish unless the offense is a lesser offense included within the crime charged. The New Mexico decisions have consistently referred to *lesser included* offenses. State v. Anaya, supra; State v. Sandoval, supra. Section 41–13–1, supra, refers to a "degree of such offense inferior to that charged." See State v. Ulibarri, supra. In this connection compare State v. Everitt, 80 N.M. 41, 450 P.2d 927 (Ct.App.1969) which discusses included offenses in connection with a double jeopardy question.

A comparison of the statutes involved, §§ 40A–16–4, 40A–16–3 and 40A–7–2, supra, shows that the offense of unlawfully carrying a deadly weapon is neither a degree of burglary, nor the higher degree of aggravated burglary. Not being an included offense, the trial court did not err in refusing to submit to the jury the offense of unlawfully carrying a deadly weapon as a lesser included offense.

*Lack of substantial evidence as to intent.*

█ This issue, and the subsequent issues, is raised only by Baca. His claim is that the evidence of his guilt is insufficient under the circumstantial evidence rule. This claim goes to evidence of his intent.

State v. Clark, 80 N.M. 340, 455 P.2d 844 (1969) states:

> " * * * We fully recognize the rule that intent, as an element of crime, is seldom susceptible of proof by direct evidence, and that it may be inferred from a series of acts, occurrences and circumstances. * * *"

Assuming there is no direct evidence of Baca's intent, it must be inferred from the acts and conduct of Baca. See State v. Brito, 80 N.M. 166, 452 P.2d 694 (Ct.App. 1969).

Baca claims the evidence of his intent—his acts and conduct—fails to exclude every reasonable hypothesis other than his guilt and, therefore, is insufficient. See State v. Hardison, 81 N.M. 430, 467 P.2d 1002 (Ct.App.1970). This claim is based on evidence that Baca was intoxicated shortly before he was apprehended inside the store. Because of the evidence of his asserted drunken condition, he claims evidence of his acts and conduct fails to exclude the reasonable hypothesis that he was incapable of an intent to commit aggravated burglary. We disagree.

There is evidence of forceful entry into the store; evidence that the glass on a locked gun display case was broken and Baca was in possession of a pistol from the case; evidence that, when apprehended, the gun was loaded and one shell had recently been fired; evidence that upon being found in the store by the officer he remarked: " 'If I had not been holding that box, I would have shot you.' " The only reasonable inference from this evidence is that even if Baca was as intoxicated as alleged he nevertheless had the intent to commit a theft in the store that he unlawfully entered. Compare State v. Gonzales, 82 N.M. 388, 482 P.2d 252, decided January 22, 1971; State v. Hardison, supra.

*Instruction as to intent.*

█ An instruction told the jury that " * * * the State has in part, sought to prove the intent of the Defendants to commit a felony or theft * * * by circumstantial evidence. * * *" The instruction went on to explain the circumstantial evidence rule.

Baca contends all the evidence of his intent is circumstantial. He claims use of the words, "in part," is erroneous because " * * * calculated to mislead the jury to assume that there was direct evidence of the Defendant's intent * * *"

In the preceding point, we assumed there was no direct evidence of Baca's intent. Under this point Baca would have us determine whether there is any such direct evidence. Compare State v. Hinojos, 78 N.M. 32, 427 P.2d 683 (Ct.App.1967). We do not decide this issue because it is not properly before us for review.

Baca's objection to the instruction reads: " * * * Defendant objects to the inclosure of the words 'In part' on instruction number 11 of the Court; * * *" Baca gave no reason to the trial court why "in part" should not be included in the instruction.

The objection was not " * * * sufficient to alert the mind of the court to the claimed vice therein, * * *" Section 21-1-1(51) (2) (h), N.M.S.A.1953 (Repl. Vol. 4). Since the objection made was insufficient to alert the trial court to the error now claimed, Baca has not preserved the asserted error for review. State v. Roybal, 76 N.M. 337, 414 P.2d 850 (1966); State v. Carillo, 80 N.M. 697, 460 P.2d 62 (Ct.App.1969), cert. denied 397 U.S. 1079, 90 S.Ct. 1532, 25 L.Ed.2d 815 (1970).

*Failure to strike unresponsive and prejudicial answer.*

█ When the prosecutor was questioning one of the investigating officers as to Baca's condition, the following occurred:

> "Q. Did you observe anything in the Defendant's manner? Did he stagger?
>
> "A. No, sir, I wouldn't say he was staggering. He jumped around, he

moved around quite a bit. He leaned up against a wall two or three times, but I wouldn't call it staggering, no. It appeared to me he was doing it on purpose.

"BY MR. WEINBRENNER: Your Honor, I am going to object to that last remark as not being responsive and ask it be stricken.

"BY THE COURT: What is that?

"BY MR. WEINBRENNER: He said it appeared to him that the Defendant's actions appeared to be on purpose. That's a gross conclusion.

"BY THE COURT: Yes, let's not give an opinion, Officer Harris, on matters like that. Tell the way you saw him, what his actions were, let the jury conclude what they want to."

That part of the answer, "It appeared to me he was doing it on purpose" is asserted to be prejudicial. Baca claims this phrase " * * * conveyed to the jury the idea that this Defendant was just pretending to be intoxicated. This went to the very heart of the Defendant's defense, and was blatantly calculated to prejudice the jury * * *."

Baca claims the trial court erred in failing to instruct the jury to disregard this statement. From the quoted remarks it is apparent the trial court agreed with counsel that the statement was a conclusion. It is unnecessary to decide whether the court's comment was in effect an admonition to the jury to disregard the statement. State v. McFerran, 80 N.M. 622, 459 P.2d 148 (Ct. App.1969). Such a decision is unnecessary because Baca never invoked a ruling on his motion to strike. In making its comment, the trial court did not rule on the motion to strike. After the comment, Baca did not pursue the motion to strike. Not having invoked a ruling of the trial court on the motion, Baca cannot predicate error in this court on the failure to strike the statement. State v. James, supra; State v. Duran, supra; compare Dahl v. Turner, 80 N.M. 564, 458 P.2d 816 (Ct.App.1969).

The judgment and sentence is affirmed. It is so ordered.

SPIESS, C. J., and HENDLEY, J., concur.