574 P.2d 592

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**George ALDERETE, Jr.,
Defendant-Appellant.**

No. 3058.

Court of Appeals of New Mexico.

Nov. 22, 1977.

Rehearing denied Dec. 1, 1977.

Writ of Certiorari Denied Jan. 23, 1978.

374

Louis G. Stewart, Jr., Albuquerque, for defendant-appellant.

Toney Anaya, Atty. Gen., Roderick A. Dorr, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Defendant appeals his conviction of attempted trafficking in heroin. We discuss: (1) issues summarily answered and (2) due process.

*Issues Summarily Answered*

■ (a) Two of the five issues listed in the docketing statement were not briefed. These two issues were abandoned. *State v. Vogenthaler*, 89 N.M. 150, 548 P.2d 112 (Ct.App.1976).

■ (b) One of the issues goes to the trial court's refusal to order disclosure of an "unwitting informer". Another issue involves the reasonableness of the search of defendant's premises. Neither issue can be reviewed because of an insufficient tran-

script. The case was tried on stipulated facts. The stipulation "preserves" these two issues which had been raised by pretrial motion. "All testimony and facts introduced into evidence at the pre-trial motions hearings" were incorporated into the stipulation by reference. Such "testimony and facts" are not a part of the transcript. Also missing are the affidavit for search warrant and the search warrant itself. Without the benefit of these items, which were considered by the trial court, we have an insufficient record to review these two issues. *State v. Franklin*, 78 N.M. 127, 428 P.2d 982 (1967).

■ (c) The fifth issue asserts that the evidence was insufficient to sustain the conviction of attempted trafficking. Defendant contends that the evidence was insufficient to show that defendant constructively possessed the heroin found on the ground outside the bathroom window of defendant's residence. We disagree. The evidence is substantial that defendant constructively possessed this heroin. See *State v. Herrera*, 90 N.M. 306, 563 P.2d 100 (Ct. App.1977). This does not dispose of the insufficient evidence claim; this claim raises a problem of due process.

*Due Process*

The indictment charged defendant with trafficking in that he possessed heroin with the intent to distribute it. Section 54–11–20(A)(3), N.M.S.A. 1953 (Repl. Vol. 8, pt. 2, Supp. 1975). Defendant was never tried on this charge.

The prosecutor and the defendant stipulated to a non-jury trial at which the trial court would "determine the guilt or innocence of the Defendant on the charge of Attempt to commit a felony, to wit: Trafficking Heroin". "The State and Defendant stipulate that Attempted Trafficking heroin is a lesser included offense of Trafficking Heroin, as charged in Count I of the Indictment, and Possession of Heroin is a lesser included offense of both Trafficking Heroin and Attempted Trafficking Heroin."

■ For a lesser offense to be included within the greater offense, it must be "nec-

essarily included". To be "necessarily included", the greater offense cannot be committed without also committing the lesser. In determining whether an offense is necessarily included, we look to the offense charged in the indictment. *State v. Sandoval*, 90 N.M. 260, 561 P.2d 1353 (Ct.App. 1977).

Possession of heroin is a lesser offense included within the offense of possession with intent to distribute heroin. *State v. Medina*, 87 N.M. 394, 534 P.2d 486 (Ct. App.1975).

An attempt is defined as "an overt act in furtherance of and with intent to commit a felony and tending but failing to effect its commission." Section 40A–28–1, N.M.S.A. 1953 (2d Repl. Vol. 6). We recognize that there is such a crime as attempted trafficking. We do not understand, however, how attempted trafficking is "necessarily included" within the offense of trafficking. One can possess heroin with intent to distribute it without engaging in an overt act which tends but fails to result in possession of the heroin. Compare *State v. Sandoval*, supra. For the purposes of this appeal we assume, but do not decide, that attempted trafficking is a lesser offense included within the offense of trafficking.

Even when an offense is a lesser included offense, it is error to instruct a jury on the lesser included offense unless there is some evidence tending to establish the lesser included offense. *State v. Anaya*, 80 N.M. 695, 460 P.2d 60 (1969); *State v. Wingate*, 87 N.M. 397, 534 P.2d 776 (Ct.App. 1975). This rule has been applied to attempts. *State v. Andrada*, 82 N.M. 543, 484 P.2d 763 (Ct.App.1971). In this case it would be error for the trial court to conclude that defendant was guilty of an attempt if there was no evidence tending to establish the attempt. Such evidence is lacking. Under the evidence, defendant either possessed the heroin or he did not possess the heroin. There is no evidence tending to reduce defendant's crime to an attempt.

Conviction of a crime not shown by the evidence to have been committed is a violation of due process. *Smith v. State*, 89 N.M. 770, 558 P.2d 39 (1976). Defendant's conviction of attempted trafficking cannot stand because there is no evidence to support that particular crime.

Reversal of the attempt conviction does not dispose of the appeal. The trial court found as a fact that defendant possessed heroin with intent to distribute the heroin. The trial court's conclusion that defendant was guilty of attempted trafficking cannot stand because the evidence does not show an attempt. Although the conclusion is erroneous, the finding is supported by substantial evidence. Defendant was not tried for trafficking by possession with intent to distribute. However, pursuant to the stipulation, he was tried for possession. The finding is that he did possess the heroin. Because of the stipulation, the proper conclusion from this finding is that defendant is guilty of possession of heroin.

The conviction of attempted trafficking is reversed. The cause is remanded with instructions to enter an amended conclusion finding defendant guilty of possession of heroin and to sentence defendant for the possession offense.

IT IS SO ORDERED.

HENDLEY and HERNANDEZ, JJ., concur.