| STATE V. ORNELAS |
|---|

This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**STATE OF NEW MEXICO,**
**Plaintiff-Appellee,**
**v.**
**JAVIER ORNELAS,**
**Defendant-Appellant.**

Docket No. A-1-CA-37516
COURT OF APPEALS OF NEW MEXICO
May 20, 2019

APPEAL FROM THE DISTRICT COURT OF ROOSEVELT COUNTY, Donna J. Mowrer, District Judge

**COUNSEL**

Hector H. Balderas, Attorney General, Santa Fe, NM for Appellant

Bennett J. Bauer, Chief Public Defender, William A. O'Connell, Assistant Appellate Defender, Santa Fe, NM for Appellee.

**JUDGES**

LINDA M. VANZI, Judge. WE CONCUR: JULIE J. VARGAS, Judge, MEGAN P. DUFFY, Judge

**AUTHOR:** LINDA M. VANZI

**MEMORANDUM OPINION**

**VANZI, Judge.**

**{1}** Defendant appeals his convictions for possession of cocaine with intent to distribute, possession of methamphetamine, possession of marijuana, and resisting or evading an officer. We issued a notice of proposed summary disposition proposing to affirm, and Defendant has responded with a timely memorandum in opposition. Having duly considered Defendant's arguments, we remain unpersuaded that our initial proposed disposition was incorrect. We therefore affirm.

**{2}** Defendant continues to argue that the district court erred in denying his motion to suppress. Specifically, Defendant contends that the district court erred in refusing to suppress the evidence seized after the officer obtained a search warrant containing incorrect and inconsistent information concerning the vehicle to be searched. [MIO 2-6] "We examine de novo, as a matter of law, the sufficiency of an affidavit that supports a search warrant." *State v. Granville*, 2006-NMCA-098, ¶ 9, 140 N.M. 345, 142 P.3d 933; *see State v. Steinzig*, 1999-NMCA-107, ¶ 15, 127 N.M. 752, 987 P.2d 409 (noting that legal sufficiency of the contents of an affidavit is a question of law we review de novo).

**{3}** Based on the limited information available in the record, we understand that the affidavit for search warrant contained two different descriptions of the subject vehicle. In the body of the affidavit, the vehicle is described as a:

> Red in color Mercury 4 Door. Damage to the right rear window which has been broken out and covered with card board box material and held in place with tape. This vehicle has a VIN number of ZMELM75W8VX740202 and bears license plate number GPN 710 out of NM.

[RP 75; MIO 3] However, the search warrant affidavit also contains a description of the vehicle to be searched as a "2006 Black Mercury 4 door SUV" with "Texas Tags BCJ729" and "VIN 4MZEU37EX6U25788." [DS 4; RP 118; MIO 3] The search warrant affidavit further states that the officer stopped a vehicle with Texas plates BCJ6729. [DS 4; MIO 3]

**{4}** Defendant argues in his memorandum in opposition that the search warrant affidavit described two obviously distinct vehicles and asserts that there was nothing within the four corners of the affidavit to point to the correct choice. [MIO 4-5] Accordingly, Defendant argues that the search warrant affidavit was insufficient on its face to establish probable cause to search any vehicle. [MIO 4]

**{5}** We affirm the district court's denial of the motion to suppress. We first reject Defendant's argument that probable cause was lacking because there was nothing in the search warrant affidavit to indicate which of the two vehicles was intended. As we stated in our notice of proposed summary disposition, the record in this case does not contain a copy of either the affidavit for search warrant or the search warrant itself, and we are therefore unable to review either document. *See* Rule 12-209(C) NMRA (providing a mechanism by which the record on appeal may be supplemented); *State v. Jim*, 1988-NMCA-092, ¶ 3, 107 N.M. 779, 765 P.2d 195 ("It is [the] defendant's burden to bring up a record sufficient for review of the issues he raises on appeal."). Accordingly, we are unable to consider whether the search warrant affidavit established probable cause to search the vehicle that the search warrant ultimately authorized, as such an analysis requires of review of the affidavit as a whole. *See State v. Williamson*, 2009-NMSC-039, ¶ 20, 146 N.M. 488, 212 P.3d 376 (stating that in reviewing affidavits in support of search warrants the appellate court considers the affidavit as a whole); *see also State v. Gurule*, 2013-NMSC-025, ¶ 14, 303 P.3d 838 (stating that probable cause

determinations are not subject to bright line rules and must be based on an assessment of various probabilities in a given factual context); *State v. Alderete*, 1977-NMCA-130, ¶ 3, 91 N.M. 373, 574 P.2d 592 (declining to consider issues relating to the defendant's challenge to a search where, although the district court had considered the search warrant affidavit and the search warrant, those items were not provided to the appellate court).

**{6}** Further, to the extent Defendant argues that the bare fact that the search warrant affidavit contained two apparently contradictory descriptions of the property to be searched renders the affidavit incapable of supporting probable cause as a matter of law, we disagree, as Defendant has cited to no authority in support of this proposition. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (holding where a party cites no authority to support an argument, we may assume no such authority exists). [DS 6]

**{7}** Defendant next continues to argue that the district court erred in denying his motion to suppress based on the failure to preserve evidence collected from his vehicle after the vehicle was seized by police. [MIO 6-11] The relevant facts on this issue are that, after stopping Defendant, police discovered drugs, identifications belonging to others, and jewelry in Defendant's vehicle. [MIO 7-8] Police listed these items in the affidavit for a search warrant. [MIO 6] However, the identifications and jewelry were not listed among the items of evidence disclosed by the State to Defendant. [MIO 6]

**{8}** We review the district court's decision to grant a remedy for lost or destroyed evidence under an abuse of discretion standard. *See State v. Redd*, 2013-NMCA-089, ¶ 18, 308 P.3d 1000. "An abuse of discretion arises when the evidentiary ruling is clearly contrary to logic and the facts and circumstances of the case." *State v. Downey*, 2008-NMSC-061, ¶ 24, 145 N.M. 232, 195 P.3d 1244 (internal quotation marks and citation omitted).

**{9}** Defendant first argues that the district court erred in applying the standard articulated in *State v. Ware*, 1994-NMSC-091, ¶¶ 4, 25-26, 118 N.M. 319, 881 P.2d 679 (setting out a two-part due process test when the evidence was never gathered in the first place). [MIO 9] Defendant argues that the evidence in question was in fact collected but then lost by police, and therefore, the standard set forth in *State v. Chouinard*, 1981-NMSC-096, 96 N.M. 658, 634 P.2d 680 applies. *See id.* ¶ 16 (setting out the standard to determine whether the loss or destruction of evidence violates the due process rights of a criminal defendant).

**{10}** However, under either standard, a defendant is required to show that the missing evidence is material. *See id.* (examining whether (1) the state breached a duty or intentionally deprived the defendant of evidence, (2) the lost or destroyed evidence is material, and (3) the defendant suffered prejudice); *see also Ware*, 1994-NMSC-091, ¶ 14 (stating as a threshold matter the evidence that the state failed to gather from the crime scene must be material to the defendant's defense).

**{11}** In our notice of proposed summary disposition, we proposed to reject this assertion of error because the jewelry and identifications did not appear material to the charges for which Defendant was tried and convicted. In his memorandum in opposition, Defendant argues that the jewelry and identifications were material to the trafficking charge because they are relevant to his intent and reason for possessing the drugs, and they were circumstantial evidence of drug-dealing. [MIO 9]

**{12}** "Whether evidence is material depends on if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *State v. Fero*, 1988-NMSC-053, ¶ 10, 107 N.M. 369, 758 P.2d 783 (internal quotation marks and citation omitted). We continue to believe that whether jewelry and identifications belonging to others were found in Defendant's car is not relevant to whether Defendant trafficked methamphetamine. However, to the extent that this evidence was circumstantial evidence of drug dealing, as Defendant argues, we cannot see how Defendant was prejudiced by the absence of this evidence at trial. *State v. Jacobs*, 2000-NMSC-026, ¶ 46, 129 N.M. 448, 10 P.3d 127 ("Defendant's assertion of the possibility of prejudice, without more, is insufficient to establish actual prejudice."); *Chouinard*, 1981-NMSC-096, ¶ 16 (requiring a showing that the defendant suffered prejudice from the state's loss or destruction of evidence).

**{13}** Finally, Defendant argues that the evidence was insufficient to support his conviction for trafficking and that he should only have been convicted on the lesser included offense of possession of a controlled substance. [MIO 11-13] "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Duran*, 2006-NMSC-035, ¶ 5, 140 N.M. 94, 140 P.3d 515 (internal quotation marks and citation omitted). We view the evidence "in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. "We will not substitute our judgment for that of the fact[-]finder, nor will we reweigh the evidence." *State v. Trujillo*, 2012-NMCA-092, ¶ 5, 287 P.3d 344.

**{14}** In order to convict Defendant of trafficking a controlled substance, the State was required to prove beyond a reasonable doubt that: Defendant had cocaine in his possession, that Defendant knew it was cocaine or believed it to be cocaine, and that Defendant intended to transfer it to another. [RP 212] *See State v. Smith*, 1986-NMCA-089, ¶ 7, 104 N.M. 729, 726 P.2d 883 ("Jury instructions become the law of the case against which the sufficiency of the evidence is to be measured.").

**{15}** Defendant specifically challenges the sufficiency of the evidence to show that he possessed the cocaine with the intent to distribute. On this issue, the evidence at trial established that police searched Defendant's car and discovered a black backpack containing seven bags of a white powdery substance, later identified by the state crime lab analyst as cocaine. [DS 3, 7] The crime lab analyst testified that the amount of

cocaine recovered was approximately two grams. [DS 7] Deputy MsCasland testified that, based on his training and experience, the amount of cocaine recovered was more than was consistent with personal use. [RP 154] Moreover, Deputy MsCasland a testified that the fact that the cocaine was packaged individually indicated to him that it was packaged for sale and not for personal use. [RP 154-155]

**{16}** This evidence is sufficient to establish Defendant's intent to distribute the cocaine. *See State v. Rael-Gallegos*, 2013-NMCA-092, ¶ 30, 308 P.3d 1016 (recognizing that an officer may testify as an expert and offer his or her opinion as to a trafficking amount versus personal use amount of narcotics); *State v. Hubbard*, 1992-NMCA-014, ¶ 9, 113 N.M. 538, 828 P.2d 971 (stating that intent to distribute may be inferred where the amount of the controlled substance possessed is inconsistent with personal use and that intent to distribute a controlled substance may be inferred by surrounding facts and circumstances including the manner of packaging of the controlled substance).

**{17}** For these reasons, we affirm.

**{18} IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**JULIE J. VARGAS, Judge**

**MEGAN P. DUFFY, Judge**